UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

ODALYS CHAPMAN, on behalf
of herself and other similarly
situated persons,

        Plaintiffs,

v.

LEHMAN BROTHERS INC.,

        Defendant.

_____/

NIGHT BOX
FILED

DEC 19 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANT LEHMAN BROTHERS INC.'S MOTION FOR DISMISSAL OR, IN THE ALTERNATIVE, TO STAY THIS ACTION AND COMPEL ARBITRATION

Defendant Lehman Brothers Inc. ("Lehman Brothers"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and Fed. R. Civ. P. 12(b)(1) and (6), respectfully moves this Court for an order dismissing named Plaintiff Odalys Chapman's ("Chapman") and opt-in Plaintiff Lauralee Pfeiffer-Seibold's ("Pfeiffer-Seibold") claims against Lehman Brothers for lack of jurisdiction, because this action is subject to mandatory arbitration. Alternatively, Lehman Brothers respectfully moves this Court for an order staying this action and compelling arbitration of Chapman's and Pfieffer-Seibold's claims. The grounds supporting this Motion are set forth below.



1-MI/468163.1

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

# I.  INTRODUCTION

### A.       The Lehman Brothers Application For Employment

On June 18, 2001, Chapman applied for employment with Lehman Brothers.  As part of the application process, Chapman completed a Lehman Brothers Application for Employment ("Application").  See Chapman Application for Employment, attached to Affidavit of Kyle Maldiner as Exhibit A ("Maldiner Aff."), attached hereto as Tab 1.  On March 20, 2000, Pfeiffer-Seibold applied for employment with Lehman Brothers and completed a Lehman Brothers Application for Employment.  See Maldiner Aff., Ex. B. The Application, signed by both Chapman and Pfeiffer-Seibold, contained an agreement to submit to arbitration "any controversy arising out of or in connection with [their] compensation, employment or termination of employment."  See Maldiner Aff., Exs. A and B.  Specifically, the agreement provides:

> **I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc., and be resolved in accordance with the rules, then in effect, of such entities.  In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction.  This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.**

See Exs. A and B (emphasis in the original).

### B.       The Securities Industry U-4 Agreement

In addition to the arbitration agreement contained in the Lehman Brothers Application for Employment, both Chapman and Pfeiffer-Seibold also completed and signed a Uniform Application for Securities Industry Registration or Transfer, Form U-4 ("U-4").  See Maldiner

Aff., Exs. D and E.  Form U-4 is used to register individuals who work in the securities industry with different stock exchanges and associations.  Paragraph 5 of the Form U-4 signed by both Chapman and Pfeiffer-Seibold provides:

> I agree to arbitrate any dispute, claim, or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the SROs indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

See Exs. C and D.

### C.        The Current Litigation

On October 22, 2002, Chapman, notwithstanding her signed Application containing her agreement to arbitrate "any and all claims arising out of or in connection with her compensation, her employment or termination of her employment" and her executed Form U-4, which also contained an agreement to arbitrate "any dispute, claim, or controversy that may arise between me and my firm", filed this action against Lehman Brothers alleging violations of the Fair Labor Standards Act ("FLSA").  See Complaint, attached as Ex. F to Maldiner Aff.  Chapman failed to include any mention of her agreements to arbitrate in the Complaint.  On November 26, 2002, Pfeiffer-Seibold, notwithstanding her executed Form U-4 and signed Application with Lehman Brothers, decided to opt-in to this action rather than proceeding in arbitration.  See Notice of Filing Consent Form, attached as Ex. G to Maldiner Aff.  In her Consent Form, Pfeiffer-Seibold failed to mention her agreements to arbitrate.

Despite their efforts to circumvent the arbitration agreements contained in both their Form U-4s and Applications, Chapman and Pfeiffer-Seibold should be compelled to arbitrate their FLSA claims under binding Eleventh Circuit precedent.  See Montes v. Shearson Lehman

3

Brothers, Inc., 128 F.3d 1456, 1458 (11th Cir. 1997) (holding that the District Court's order compelling the arbitration of the plaintiff's FLSA claim was proper).

## II. MEMORANDUM OF LAW

### A.    The FAA Mandates That This Court Compel Arbitration

The FAA mandates that federal courts compel arbitration of claims that the parties to the claims have agreed to arbitrate.  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").  Indeed, Section 3 of the FAA provides that:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Similarly, Section 4 of the FAA provides in relevant part:

> A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement....
> [T]he court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

The language of the FAA is mandatory where, as here, there exists a valid agreement and the issues sought to be litigated clearly fall within the scope of the agreement. See Creative Tile Mktg v. Sicis Intl., 922 F. Supp. 1534 (S.D Fla. 1996) ("By its terms, the Act leaves no place for

1-MI/468163.1

4

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER. 200 S. BISCAYNE BOULEVARD. MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579·0300

the exercise of discretion by a district court, but instead mandates that district courts *shall* direct

the parties to proceed to arbitration on issues as to which an arbitration agreement has been

signed." Creative Tile, 922 F. Supp. at 1539 ) (Moore, J.) (quoting Byrd) (emphasis in original).

Moreover, clearly recognized federal policy requires courts to construe arbitration clauses as

broadly as possible with all ambiguities resolved in favor of arbitration.  First Options of

Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1995); Moses H. Cone Memorial Hosp. v. Mercury

Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 827, 941 (1983).

In this case, both Chapman and Pfeiffer-Seibold signed a Form U-4 wherein they

expressly agreed to: "**arbitrate any dispute, claim, or controversy that may arise between me**

**and my firm.**"  See Maldiner Aff. Exs. D and E.  Similarly, both Chapman and Pfeiffer-Seibold,

in their Applications for employment with Lehman Brothers, agreed to arbitrate "**any**

**controversy arising out of or in connection with [their] compensation, employment or**

**termination of employment with Lehman Brothers . . .**"  See Maldiner Aff. Exs. A and B.

Application and enforcement of this language does not require any ambiguities to be resolved in

favor of arbitration, and there is no need to construe Chapman or Pfeiffer-Seibold's arbitration

clauses broadly.  Indeed, the very type of compensation claim asserted by Chapman and Pfeiffer-

Seibold is expressly contemplated by the arbitration agreement contained in their Applications

for employment with Lehman Brothers.  Moreover, the voluntary nature of Chapman and

Pfeiffer-Seibold's agreement to arbitrate is established presumptively by their signatures on their

respective Applications within one inch of the bolded arbitration agreement. See Maldiner Aff.

Exs. A and B.  Accordingly, both Chapman and Pfeiffer-Seibold have voluntarily agreed to

arbitrate the exact dispute currently before this Court.

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

Chapman and Pfeiffer-Seibold cannot, in good faith, contend that their claims are not suitable for arbitration. First, the United States Supreme Court recently confirmed that employment disputes fall squarely within the scope of the FAA. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). Second, the arbitration agreement at issue in Circuit City, like one of the agreements in the present case, was contained in an application for employment. Circuit City Stores, 532 U.S. at 109. Third, the Eleventh Circuit and the Southern District of Florida both have expressly ruled that FLSA claims may be submitted to arbitration. See Montes v. Shearson Lehman Brothers, 128 F.3d 1456, 58 (11th Cir. 1997) (finding that FLSA claim was properly referred to arbitration); Bolamos v. Globe Airport Security Servs., Inc., No. 02-21005-CIV, 2002 WL 1839210, * 2-3 (S.D. Fla. May 21, 2002) (granting employer's motion to compel arbitration on plaintiff's FLSA claim).[1] Fourth, the United States Supreme Court and the Eleventh Circuit have expressly enforced arbitration agreements contained in the Securities Industry Form U-4. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647 (1991) (ADEA claim subject to compulsory arbitration agreement contained in U-4); Kidd v. Equitable Life Assurance, 32 F.3d 516 (11th Cir. 1994) (approving of mandatory arbitration

---

[1] It is now well-settled that purported FLSA collective action claims may properly be compelled to arbitration. See See Horenstein v. Mortgage Market, Inc., No. 99-36125, 2001 WL 502010, * 1 (9th Cir. May 10, 2001) (unpublished) (affirming district court's decision to compel arbitration of two plaintiffs' purported FLSA collective action claims); Adkins v. Labor Ready, Inc., 303 F.3d 496, 506 (4th Cir. 2002) (affirming decision to compel arbitration of purported FLSA collective action); Carter v. Countrywide Credit Industries, Inc., 189 F. Supp. 2d 606, 621 (N.D. Tex. 2002) (compelling arbitration of four named plaintiffs' purported FLSA collective action. Moreover, the court ruled: "Plaintiffs' counsel are directed to send this Opinion to all individuals who have filed consents to become party plaintiff and who have signed the same form of arbitration agreement as did the Plaintiffs, so that they will be apprised that they must pursue their claims in the arbitral forum provided for in the agreements."); Marzek v. Mori Milk & Ice Cream Co., No. 01 C 6561, 2002 WL 226761, * 3 (N.D. Ill. Feb. 13, 2002) (compelling arbitration of purported FLSA collective action).

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

language contained in Form U-4). Finally, the very Application at issue in this matter has been repeatedly found to be a valid and enforceable arbitration agreement, and has served as an appropriate predicate for a motion to compel. See Cosgrove v. Shearson Lehman Brothers, 105 F.3d 659 (6th Cir.) (unpublished decision), cert. denied, 522 U.S. 864 (1997); Mahant v. Lehman Brothers, 99 Civ. 4421, 2000 WL 1738399 (S.D.N.Y. 2000), appeal dismissed, 2002 WL 480552 (2d Cir. Mar. 29, 2002); Ahing v. Lehman Brothers, 94 Civ. 9027, 1997 WL 634290 (S.D.N.Y. 1997); Smith v. Lehman Brothers, Inc., 95 Civ. 10326, 1996 WL 383232 (S.D.N.Y. 1996).

**B.     Because All of Chapman and Pfeiffer-Seibold's Claims Are Subject to Arbitration, Dismissal Rather Than a Stay is Appropriate**

The United States Supreme Court has recognized that dismissal of litigation in favor of arbitration is proper in certain circumstances. Green Tree Financial Corp. v. Randolph, 531 U.S. 79, 121 S.Ct. 513 (2000). See also Employers Insurance of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1321 (11th Cir. 2001) (recognizing that the dismissal of an action in favor of arbitration was an appropriate procedural decision). Indeed, where, as here, all the claims before this Court are subject to arbitration, judicial economy militates in favor of dismissal. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration"); Clayton v. Woodman of the World Life Ins. Soc'y, 981 F.Supp. 1447, 1450 (M.D. Ala. 1997) ("[w]here all of the issues raised in a complaint must be submitted to arbitration, . . . dismissal of the action is appropriate, since retaining jurisdiction and staying the action does not serve judicial economy.").

Accordingly, Chapman and Pfeiffer-Seibold's claims should be dismissed in favor of arbitration. Chapman and Pfeiffer-Seibold can then proceed in arbitration on the claims that they have raised. In the alternative, should this Court wish to retain some connection to Chapman and

Pfeiffer-Seibold's claims, for purposes of reviewing an arbitration award, or otherwise, this action should by stayed and an order compelling Chapman and Pfeiffer-Seibold to arbitrate their claims should be issued.

## IV.  CONCLUSION

Lehman Brothers respectfully submits that this matter should be dismissed because Chapman and Pfeiffer-Seibold's FLSA claims fall squarely within the scope of their voluntary agreements to arbitrate, and the Eleventh Circuit has ruled these claims may be properly submitted to arbitration.  In the alternative, this litigation should be stayed and Chapman and Pfeiffer-Seibold should be compelled to, in the first instance, submit their claims to arbitration.

Respectfully submitted,

Mark E. Zelek

Mark E. Zelek
   Florida Bar No. 0667773
   mzelek@morganlewis.com
 Morgan, Lewis & Bockius LLP
Counsel for Defendant
5300 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2339
Telephone:   305.415.3303
Facsimile:   305.415.3001

8

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to

Jonathan E. Perlman, Esq., Genovese, Joblove & Batitista, Bank of America Tower, 36th Floor,

100 S.E. Second Street, Miami, Florida 33131 by hand this 19th day of December, 2002.

_Mark E. Zelek_
Mark E. Zelek

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

# <u>Tab 1</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

ODALYS CHAPMAN, on behalf
of herself and other similarly
situated persons,

        Plaintiffs,

v.

LEHMAN BROTHERS INC.

        Defendant.

_____/


STATE OF NEW YORK    )
                         ) ss:
COUNTY OF NEW YORK  )


      Kyle Maldiner, being duly sworn, deposes and says as follows:

      1.    I am currently employed by Lehman Brothers Inc. ("Lehman Brothers") as Senior Vice President and Director of Employee Relations & Communications.  I submit this affidavit in order to place before the Court certain documents relevant to Lehman Brothers' motion to dismiss the claims asserted in this action by named plaintiff Odalys Chapman ("Chapman") and opt-in plaintiff Lauralee Pfeiffer-Seibold ("Pfeiffer-Seibold").

2.      Attached hereto as Exhibit A is a true and correct copy of the Application for Employment filled out and executed by Chapman on or about June 18, 2001. This copy was printed from microfilm created and kept in the normal course of business by Lehman Brothers.

3.      Attached hereto as Exhibit B is a true and correct copy of the Application for Employment filled out and executed by Pfeiffer-Seibold on or about March 20, 2000. This copy was printed from microfilm created and kept in the normal course of business by Lehman Brothers.

4.      Attached hereto as Exhibit C is a true and correct copy of the form of the Application for Employment that was executed by Chapman and Pfeiffer-Seibold. This exhibit is a blank copy of the Application. The format and typewritten language of this form are identical to that in Exhibits A and B, the documents signed by Chapman and Pfeiffer-Seibold.

5.      Attached hereto as Exhibit D is a true and correct copy of the Uniform Application for Securities Industry Registration or Transfer, Form U-4, executed by Chapman. This copy was printed from microfilm created and kept in the normal course of business by Lehman Brothers.

6.      Attached hereto as Exhibit E is a true and correct copy of the Uniform Application for Securities Industry Registration or Transfer, Form U-4, executed by Pfeiffer-Seibold. This copy was printed from microfilm created and kept in the normal course of business by Lehman Brothers.

7.      Attached hereto as Exhibit F is a true and correct copy of the Complaint in this action filed by Chapman on or about October 22, 2002.

8. Attached hereto as Exhibit G is a copy of Lauralee Pfeiffer-Seibold's consent to become party plaintiff and Notice of Filing Consent served on Lehman Brothers on or about November 26, 2002.

9. All employees of Lehman Brothers (known prior to August 1993 as Shearson Lehman Brothers Inc.) are required to sign Lehman Brothers' employment application, which has contained an arbitration agreement since at least April 1985.

10. Upon information and belief, Chapman was employed by Lehman Brothers from on or about June 2001 through April 2002.  Pfeiffer-Seibold was hired by and concluded her employment with Lehman Brothers in 2000.  During this entire period of time, it has been the policy of Lehman Brothers to permit its employees the right to review their personnel files.

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

_Kyle Maldiner_
KYLE MALDINER

SWORN TO before me this 18th day of December, 2002.

Notary Public

CHRISTINE P. SEARL
Notary Public, State of New York
No. 02SE5083795
Qualified in New York County  10/19/2005
Commission Expires August 26, 1999
Certificate Filed in NEW YORK County

1-MI/468340.1                4

# **<u>Exhibit A</u>**

# LEHMAN BROTHERS

## Application For Employment

AS AN EQUAL OPPORTUNITY EMPLOYER, OUR FIRM POLICY AS WELL AS FEDERAL, STATE AND CITY LAWS PROHIBITS DISCRIMINATION IN EMPLOYMENT BASED ON RACE, COLOR, SEX, NATIONAL ORIGIN, AGE, RELIGION, MARITAL STATUS OR DISABILITY.

**Date of Application:** 6/18/01

| Field | Value |
|---|---|
| Last Name | Chapman |
| First Name | Qdalys |
| Middle Name | M. |
| Social Security No. | 267-97-46 |
| Present Address | 6260 Kent Place | Street | Apt. No. |
| Telephone No. | (305)558-1121 |
| City | Miami Lakes | State FL | ZIP Code 33014 |
| Position Applied For | Sales Assistant |
| Referred by | Sandra Wakim |
| Special Skills and/or Abilities | Registered Series 7 and 63 |

**Are you either a U.S. citizen?** ☑ Yes ☐ No
**Are you an alien legally authorized to work in the U.S.?** ☐ Yes ☐ No
If you answer "yes" and are offered employment by our firm, you must complete the I-9 form required by the U.S. Immigration and Naturalization Service, and provide documentation to verify your identity and eligibility to work in the U.S. no later than three (3) business days after your date of hire.
**If under 18, do you have working papers?** ☐ Yes ☐ No

### EMPLOYMENT HISTORY

List below all present and past employers for the past 10 years, beginning with your most recent position. Attach additional sheets if necessary.

**Entry 1**

| From/To Dates | From 3/93 To 5/01 |
|---|---|
| Company Name, Type of Business and Address | Credit Suisse FB |
| Type of Business | Investments |
| Address (City, State, Country) | Miami FL |
| Employment Type | ☑ Full Time ☐ Part Time |
| Salary | Starting Salary 33,000 / Present/Last Salary 35,000 |
| Position and Description of Duties | Position: Sr. Sales Assoc / Description of Duties: Marketing, Sales/Clerical |
| Reason for Leaving | Resigned Change |
| Supervisor | Ronald Blackman (305)347-2011 |

Please check one that most closely describes this position:
☐ Investment Banker ☐ Fixed Income Salesperson/Trader ☐ Fixed Income Research ☐ Equities Salesperson/Trader ☐ Equity Research ☐ Investment Representative (retail brokerage) ☑ Sales Assistant ☐ Operations ☐ Technology ☐ Finance ☐ Legal/Compliance ☐ Audit ☐ Risk/Credit ☐ Human Resources ☐ Editor/Graphics ☐ Administrative Assistant/Secretary ☐ Other

**Entry 2**

| From/To Dates | From 8/90 To 3/93 |
|---|---|
| Company Name, Type of Business and Address | So. Audio Visual |
| Type of Business | Audio Visual Sales |
| Address (City, State, Country) | Miami FL |
| Employment Type | ☑ Full Time ☐ Part Time |
| Salary | Starting Salary 18,000 / Ending Salary 24,000 |
| Position and Description of Duties | Position: Executive Asst / Description of Duties: Administrative |
| Supervisor | Paul Lowenthal |

Please check one that most closely describes this position:
☐ Investment Banker ☐ Fixed Income Salesperson/Trader ☐ Fixed Income Research ☐ Equities Salesperson/Trader ☐ Equity Research ☐ Investment Representative (retail brokerage) ☐ Sales Assistant ☐ Operations ☐ Technology ☐ Finance ☐ Legal/Compliance ☐ Audit ☐ Risk/Credit ☐ Human Resources ☐ Editor/Graphics ☑ Administrative Assistant/Secretary ☐ Other

**Entry 3**

| From/To Dates | From 85 To 87 |
|---|---|
| Company | Law Offices Aston Alvarez |
| Type of Business | Law Firm |
| Address (City, State, Country) | Miami FL |
| Employment Type | ☑ Full Time ☐ Part Time |
| Salary | Starting Salary 8,000 / Ending Salary 12,000 |
| Position and Description of Duties | Position: Legal Asst / Description of Duties: Clerical |
| Supervisor | Aston Alvarez |

**Entry 4**

| From/To Dates | From 80 To 82 |
|---|---|
| Company | Melard Int'l |
| Type of Business | Avionics |
| Salary | Starting Salary 4.00 hr / Ending Salary 5.00 hr |
| Position and Description of Duties | Position: A/P Clerk / Description of Duties: Accounting |
| Employment Type | ☐ Full Time ☑ Part Time |
| Supervisor | Mr. Serafin |

**Entry 5**

| From/To Dates | From To |
|---|---|
| Company | |
| Type of Business | |
| Salary | Starting Salary / Ending Salary |
| Position and Description of Duties | |
| Employment Type | ☐ Full Time ☐ Part Time |
| Supervisor | |

### EDUCATION

| School | Name and Address | Course of Study | Other Education/Name and Address | Course of Study |
|---|---|---|---|---|
| High School | Monsignor Edward Pace High School, Opa-Locka FL | General | F.I.U. Paralegal Certificate | Paralegal |
| | Highest Grade Completed: 12th | | | |
| College | Miami Dade Comm., Florida Int'l University | Major: Marketing / Minor: Management / Degree Received: BA / Taking a course for BA | | |

IF EMPLOYED BY LEHMAN BROTHERS INC. OR ITS AFFILIATES, YOU MAY BE ASKED TO BRING IN THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PERIODS OF UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

LBF 3022B (8/99) (PRT. 8/99)        **THE REVERSE SIDE OF THIS APPLICATION MUST ALSO BE COMPLETED**

Have you ever been convicted of or pleaded guilty or nolo contendere ("no contest") to a crime of any kind other than minor traffic violations? *Minor traffic violations include parking tickets and other non-moving violations in addition to speeding and similar moving violations. "Driving while intoxicated" is not a minor traffic violation. (This information is being sought based on NYSE and bonding requirements as well as federal regulations. Applicants will not be summarily rejected because of a conviction record. Applicants with a conviction record who have been denied employment may request a written explanation concerning the denial.)    ☐ Yes  ☒ No

Have you ever had a gap in your employment history of 6 months or greater?    ☒ Yes  ☐ No

Have you ever been employed by Lehman Brothers Inc. ("Lehman") or any of its subsidiaries, parents, affiliates or predecessor firms?    ☐ Yes  ☒ No

Have you ever been suspended, expelled or otherwise disciplined or penalized by any federal, state or foreign financial regulatory body or by any financial self-regulatory organization, exchange or association, or been denied membership therein, or ever withdrawn your application to such membership?    ☐ Yes  ☒ No

Have you been associated with any broker-dealer, as a director, investment advisor, controlling stockholder, partner, officer, employee or some other representative which has been, or a principal of which has been suspended or expelled from any financial exchange or registered association, or was refused membership therein or withdraw an application for membership, or whose registration as a broker-dealer with the SEC or any state or agency has been denied, suspended, or revoked?    ☐ Yes  ☒ No

Are you now subject to an order of the NASD or any national securities exchange?    ☐ Yes  ☒ No

Have you ever been named as a "cause" or party in any action mentioned in the preceding questions taken with respect to a broker-dealer?    ☐ Yes  ☒ No

Has any permanent or temporary injunction ever been entered against you?    ☐ Yes  ☒ No

In your previous business connections or employment in any capacity, have transactions under your attention ever been the subject of complaint or regulatory proceeding?    ☐ Yes  ☒ No

Are you now or have you ever been subject to an order of the SEC or any other regulatory agency or association which bars or suspends you from becoming associated with a broker-dealer?    ☐ Yes  ☒ No

---

*If you have answered "YES" to any of the above, please supply additional information as to the reason(s) for the positive response(s) on a separate page.*

**Representation By Applicant**

I understand that any employment by Lehman Brothers Inc. or its affiliated companies (collectively, "Lehman") is conditioned upon positive responses from my references, bonding eligibility, continued adherence to Lehman's policies and procedures, applicable rules and regulations and job performance satisfactory at all times to Lehman.

I consent to take any pre or post-employment examinations as may be required by Lehman, including but not limited to medical, physical and fingerprinting and release Lehman from any liability that may arise from such examination.

I authorize an inquiry to be made on the information contained on this application. Upon written request, the nature and the scope of this inquiry will be made available to me. Former employers named on this application are authorized to give information about me and I release them from all liability for issuing such information. I further authorize Lehman to contact any of my former employers to verify the information I have provided and inquire as to my work history.

I understand that my status is that of an employee at will, meaning that I have no contractual right, express or implied, to remain in Lehman's employ. In consideration of my employment, I specifically agree that my employment or the terms and conditions thereof including compensation, can be changed or terminated with or without cause, and with or without notice, at any time, at the option of Lehman.

In connection with this application for employment with Lehman, I have been informed by Lehman and I understand that, as part of regular employment procedures for employment, promotion, reassignment, or retention as an employee, a consumer report and/or investigative consumer report, including information as to my character, past employment, credit worthiness, general reputation and personal characteristics may be made. I understand that I have the right to make a written request, within a reasonable period of time, for a complete and accurate disclosure of the nature and scope of the investigation requested. I authorize the furnishing of a report concerning my credit worthiness and other information permitted by state and federal laws and agree to hold all persons harmless with respect to any information they may give, receive, or publish.

I hereby attest and warrant that all my answers on this application as well as on all forms completed in conjunction with my employment are true and accurate. I understand that any misrepresentation of facts, failure to disclose information required on this application or material change in any information provided which is not reported to Human Resources shall be cause for dismissal regardless of when discovered by Lehman.

I agree that all work product developed during my employment at Lehman is the property of Lehman and no attempt will be made to deliver or utilize said work product for any purpose other than the benefit of Lehman. I understand that all records, including copies, are property of Lehman and may only be taken upon request of Lehman. I further agree that Lehman has the sole exclusive right to patent, copyright or otherwise protect its proprietary interest in such work product without any such further consent on my part.

---

**I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction. This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.**

| Signature of Applicant | Date |
|---|---|
| *Phillip Chapman* | 6/18/01 |

# **<u>Exhibit B</u>**

# LEHMAN BROTHERS

## Application For Employment

AS AN EQUAL OPPORTUNITY EMPLOYER, OUR FIRM POLICY AS WELL AS FEDERAL, STATE AND CITY LAWS PROHIBITS DISCRIMINATION IN EMPLOYMENT BASED ON RACE, COLOR, SEX, NATIONAL ORIGIN, AGE, RELIGION, MARITAL STATUS OR DISABILITY.

Date of Application: 3/20/2000

| Last Name | Pfeiffer Seward | First Name | Lauralee | Middle Name | | Social Security No. | 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 | Are you either a U.S. citizen or an alien legally authorized to work in the U.S.? ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|---|

Present Address: 9181 Fontainbleau Blvd #100
Apt. No.: #1
Telephone No.: 305-552-6433

If you answer "yes" and are offered employment by our firm, you must complete the I-9 form required by the U.S. Immigration and Naturalization Service, and provide documentation to verify your identity and eligibility to work in the U.S. no later than three (3) business days after your date of hire.

City: Miami   State: FL   ZIP Code: 33172

If under 18, do you have working papers? ☐ Yes ☐ No

Position Applied For: Sales Assistant
Referred by: Jim Webb

Special Skills and/or Abilities:

List below all present and past employers for the past 10 years, *beginning with your most recent position*. Attach additional sheets if necessary.

### EMPLOYMENT HISTORY

**Employer 1**

| From (Mo./Yr.) | To (Mo./Yr.) | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Reason for Leaving | Supervisor |
|---|---|---|---|---|---|---|
| 10/1983 | 2000 | Company: Donaldson Luftkin & Jenrette<br>Type of Business: Retail Brokerage Firm<br>Address: Miami FL USA<br>☑ Full Time ☐ Part Time | Starting Salary: 30,000<br>Present/Last Salary: 32,000 | Position: Sales Assistant<br>Description of Duties: | move to Lehman w/my broker | Supervisor's Name and Title: Laura Azril Ops. Mgr.<br>Telephone No.: 305-347-2017 |

Please check one that most closely describes this position:
☐ Investment Banker  ☐ Investment Representative (retail brokerage)  ☐ Finance  ☐ Editor/Graphics
☐ Fixed Income Salesperson/Trader  ☑ Sales Assistant  ☐ Legal/Compliance  ☐ Administrative Assistant/Secretary
☐ Fixed Income Research  ☐ Operations  ☐ Audit  ☐ Other
☐ Equities Salesperson/Trader  ☐ Technology  ☐ Risk/Credit
☐ Equity Research  ☐ Human Resources

**Employer 2**

| From (Mo./Yr.) | To (Mo./Yr.) | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Reason for Leaving | Supervisor |
|---|---|---|---|---|---|---|
| 11/96 | 9/98 | Company: Morgan Stanley Dean Witter<br>Type of Business: Retail Brokerage Firm<br>Address: Coral Gables FL USA<br>☑ Full Time ☐ Part Time | Starting Salary: Comm.<br>Ending Salary: Comm. | Position: Broker<br>Description of Duties: | referred by a friend to DLJ | Supervisor's Name and Title: Harry Dressler - Branch Manager<br>Telephone No.: 305-447-4000 |

Please check one that most closely describes this position:
☐ Investment Banker  ☑ Investment Representative (retail brokerage)  ☐ Finance  ☐ Editor/Graphics
☐ Fixed Income Salesperson/Trader  ☐ Sales Assistant  ☐ Legal/Compliance  ☐ Administrative Assistant/Secretary
☐ Fixed Income Research  ☐ Operations  ☐ Audit  ☐ Other
☐ Equities Salesperson/Trader  ☐ Technology  ☐ Risk/Credit
☐ Equity Research  ☐ Human Resources

**Employer 3**

| From (Mo./Yr.) | To (Mo./Yr.) | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Supervisor |
|---|---|---|---|---|---|
| 8/95 | 11/96 | Company: Administrative Services Inc<br>Type of Business: 3rd Party Administrator<br>Address: Miami FL USA<br>☑ Full Time ☐ Part Time | Starting Salary: 24,000<br>Ending Salary: 26,000 | Position: Accounting/Staff Accountant<br>Description of Duties: A/P, A/R, G/K reconciliation | Supervisor's Name and Title: Tracy Cash Controller<br>Telephone No.: |

**Employer 4**

| From (Mo./Yr.) | To (Mo./Yr.) | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Supervisor |
|---|---|---|---|---|---|
| | | Company: Chili's - Brinker Int'l<br>Type of Business: restaurant<br>Address: Miami FL<br>☐ Full Time ☑ Part Time | Starting Salary: tips<br>Ending Salary: tips | Position: hostess/waitress<br>Description of Duties: school | Supervisor's Name and Title: Marty Cohen<br>Telephone No.: 305-471-8178 |

**Employer 5**

| From (Mo./Yr.) | To (Mo./Yr.) | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Supervisor |
|---|---|---|---|---|---|
| 5/93 | 8/93 | Company: ATEC Associates<br>Type of Business:<br>Address: Medley FL<br>☑ Full Time ☐ Part Time | Starting Salary: ?<br>Ending Salary: ? | Position: receptionist<br>Description of Duties: summer job | Supervisor's Name and Title:<br>Telephone No.: |

### EDUCATION

| High School Name and Address | Course of Study | Other Education/Name and Address | Course of Study |
|---|---|---|---|
| Hilton Head High School<br>Hilton Head, SC | | | |
| | Highest Grade Completed: | | |
| College Name and Address | Major | | |
| FL. Int'l Univ.<br>Univ. Park<br>Miami FL | Major: Finance<br>Minor: 2nd mjr Int'l Bus. | | |
| | Degree Received: B.A.? | | |

REF. IF EMPLOYED BY LEHMAN BROTHERS INC. OR ITS AFFILIATES, YOU MAY BE ASKED TO BRING IN THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PERIODS OF UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

LBF 3022B (8/99) (PRT. 8/99)    **THE REVERSE SIDE OF THIS APPLICATION MUST ALSO BE COMPLETED**

Have you ever been convicted of or pleaded guilty or nolo contendre ("no contest") to a crime of any kind other than minor traffic violations? *Minor traffic violations include parking tickets and other non-moving violations in addition to speeding and similar moving violations. "Driving while intoxicated" is not a minor traffic violation. (This information is being sought based on NYSE and bonding requirements as well as federal regulations. Applicants will not be summarily rejected because of a conviction record. Applicants with a conviction record who have been denied employment may request a written explanation concerning the denial.)* ☐ Yes  ☒ No

Have you ever had a gap in your employment history of 6 months or greater? ☐ Yes  ☒ No

Have you ever been employed by Lehman Brothers Inc. ("Lehman") or any of its subsidiaries, parents, affiliates or predecessor firms? ☐ Yes  ☒ No

Have you ever been suspended, expelled or otherwise disciplined or penalized by any federal, state or foreign financial regulatory body or by any financial self-regulatory organization, exchange or association, or been denied membership therein, or ever withdrawn your application to such membership? ☐ Yes  ☒ No

Have you been associated with any broker-dealer, as a director, investment advisor, controlling stockholder, partner, officer, employee or some other representative which has been, or a principal of which has been suspended or expelled from any financial exchange or registered association, or was refused membership therein or withdrew an application for membership, or whose registration as a broker-dealer with the SEC or any state or agency has been denied, suspended, or revoked? ☐ Yes  ☒ No

Are you now subject to an order of the NASD or any national securities exchange? ☐ Yes  ☒ No

Have you ever been named as a "cause" or party in any action mentioned in the preceding questions taken with respect to a broker-dealer? ☐ Yes  ☒ No

Has any permanent or temporary injunction ever been entered against you? ☐ Yes  ☒ No

In your previous business connections or employment in any capacity, have transactions under your attention ever been the subject of complaint or regulatory proceeding? ☐ Yes  ☒ No

Are you now or have you ever been subject to an order of the SEC or any other regulatory agency or association which bars or suspends you from becoming associated with a broker-dealer? ☐ Yes  ☒ No

*If you have answered "YES" to any of the above, please supply additional information as to the reason(s) for the positive response(s) on a separate page.*

**Representation By Applicant**

I understand that any employment by Lehman Brothers Inc. or its affiliated companies (collectively, "Lehman") is conditioned upon positive responses from my references, bonding eligibility, continued adherence to Lehman's policies and procedures, applicable rules and regulations and job performance satisfactory at all times to Lehman.

I consent to take any pre or post-employment examinations as may be required by Lehman, including but not limited to medical, physical and fingerprinting and release Lehman from any liability that may arise from such examination.

I authorize an inquiry to be made on the information contained on this application. Upon written request, the nature and the scope of this inquiry will be made available to me. Former employers named on this application are authorized to give information about me and I release them from all liability for issuing such information. I further authorize Lehman to contact any of my former employers to verify the information I have provided and inquire as to my work history.

I understand that my status is that of an employee at will, meaning that I have no contractual right, express or implied, to remain in Lehman's employ. In consideration of my employment, I specifically agree that my employment or the terms and conditions thereof including compensation, can be changed or terminated with or without cause, and with or without notice, at any time, at the option of Lehman.

In connection with this application for employment with Lehman, I have been informed by Lehman and I understand that, as part of regular employment procedures for employment, promotion, reassignment, or retention as an employee, a consumer report and / or investigative consumer report, including information as to my character, past employment, credit worthiness, general reputation and personal characteristics may be made. I understand that I have the right to make a written request, within a reasonable period of time, for a complete and accurate disclosure of the nature and scope of the investigation requested. I authorize the furnishing of a report concerning my credit worthiness and other information permitted by state and federal laws and agree to hold all persons harmless with respect to any information they may give, receive, or publish.

I hereby attest and warrant that all my answers on this application as well as on all forms completed in conjunction with my employment are true and accurate. I understand that any misrepresentation of facts, failure to disclose information required on this application or material change in any information provided which is not reported to Human Resources shall be cause for dismissal regardless of when discovered by Lehman.

I agree that all work product developed during my employment at Lehman is the property of Lehman and no attempt will be made to deliver or utilize said work product for any purpose other than the benefit of Lehman. I understand that all records, including copies, are property of Lehman and may only be taken upon request of Lehman. I further agree that Lehman has the sole exclusive right to patent, copyright or otherwise protect its proprietary interest in such work product without any such further consent on my part.

**I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc, and be resolved in accordance with the rules, then in effect, of such entities. In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction. This provision applies (but is not limited) to any claims or, actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.**

| Signature of Applicant | Date |
|---|---|
| *Jamalee Sufford* | 3/20/2000 |

# **<u>Exhibit C</u>**

# LEHMAN BROTHERS

## Application For Employment

AS AN EQUAL OPPORTUNITY EMPLOYER, OUR FIRM POLICY AS WELL AS FEDERAL, STATE AND CITY LAWS PROHIBITS DISCRIMINATION IN EMPLOYMENT BASED ON RACE, COLOR, SEX, NATIONAL ORIGIN, AGE, RELIGION, MARITAL STATUS OR DISABILITY.

| | | | Date of Application |
|---|---|---|---|

| Last Name | First Name | Middle Name | Social Security No | Are you either a U.S. citizen or an alien legally authorized to work in the U.S.? ☐ Yes ☐ No |
|---|---|---|---|---|
| Present Address | Street | Apt. No. | Telephone No. | If you answer "yes" and are offered employment by our firm, you must complete the I-9 form required by the U.S. Immigration and Naturalization Service, and provide documentation to verify your identity and eligibility to work in the U.S. no later than three (3) business days after your date of hire. |
| City | State | ZIP Code | If under 18, do you have working papers? ☐ Yes ☐ No | |
| Position Applied For | | Referred by | | |
| Special Skills and/or Abilities | | | | |

**EMPLOYMENT HISTORY**

List below all present and past employers for the past 10 years, beginning with your most recent position. Attach additional sheets if necessary.

| From/To Dates | Company Name, Type of Business and Address | Salary | Position and Description of Duties | Reason for Leaving | Supervisor |
|---|---|---|---|---|---|
| From (Mo./Yr.) — To (Mo./Yr.) | Company / Type of Business / Address (City, State, Country) | Starting Salary / Present/Last Salary | Position / Description of Duties | | Supervisor's Name and Title / Telephone No. |
| ☐ Full Time ☐ Part Time | | | | | |

Please check one that most closely describes this position:
☐ Investment Banker  ☐ Fixed Income Salesperson/Trader  ☐ Fixed Income Research  ☐ Equities Salesperson/Trader  ☐ Equity Research  ☐ Investment Representative (retail brokerage)  ☐ Sales Assistant  ☐ Operations  ☐ Technology  ☐ Finance  ☐ Legal/Compliance  ☐ Audit  ☐ Risk/Credit  ☐ Human Resources  ☐ Editor/Graphics  ☐ Administrative Assistant/Secretary  ☐ Other

| From (Mo./Yr.) — To (Mo./Yr.) | Company / Type of Business / Address (City, State, Country) | Starting Salary / Ending Salary | Position / Description of Duties | | Supervisor's Name and Title / Telephone No. |
|---|---|---|---|---|---|
| ☐ Full Time ☐ Part Time | | | | | |

Please check one that most closely describes this position:
☐ Investment Banker  ☐ Fixed Income Salesperson/Trader  ☐ Fixed Income Research  ☐ Equities Salesperson/Trader  ☐ Equity Research  ☐ Investment Representative (retail brokerage)  ☐ Sales Assistant  ☐ Operations  ☐ Technology  ☐ Finance  ☐ Legal/Compliance  ☐ Audit  ☐ Risk/Credit  ☐ Human Resources  ☐ Editor/Graphics  ☐ Administrative Assistant/Secretary  ☐ Other

| From (Mo./Yr.) — To (Mo./Yr.) | Company / Type of Business / Address (City, State, Country) | Starting Salary / Ending Salary | Position / Description of Duties | | Supervisor's Name and Title / Telephone No. |
|---|---|---|---|---|---|
| ☐ Full Time ☐ Part Time | | | | | |

| From (Mo./Yr.) — To (Mo./Yr.) | Company / Type of Business / Address (City, State, Country) | Starting Salary / Ending Salary | Position / Description of Duties | | Supervisor's Name and Title / Telephone No. |
|---|---|---|---|---|---|
| ☐ Full Time ☐ Part Time | | | | | |

| From (Mo./Yr.) — To (Mo./Yr.) | Company / Type of Business / Address (City, State, Country) | Starting Salary / Ending Salary | Position / Description of Duties | | Supervisor's Name and Title / Telephone No. |
|---|---|---|---|---|---|
| ☐ Full Time ☐ Part Time | | | | | |

**EDUCATION**

| High School Name and Address | Course of Study | Other Education/Name and Address | Course of Study |
|---|---|---|---|
| | Highest Grade Completed | | |
| College Name and Address | Major | | |
| | Minor | | |
| | Degree Received | | |

IF EMPLOYED BY LEHMAN BROTHERS INC. OR ITS AFFILIATES, YOU MAY BE ASKED TO BRING IN THREE LETTERS OF REFERENCE FROM INDIVIDUALS WHO CAN ACCOUNT FOR PERIODS OF UNEMPLOYMENT AND SELF-EMPLOYMENT AS INDICATED ABOVE.

LBF 30228 (8/99) (PRT. 8/99)   **THE REVERSE SIDE OF THIS APPLICATION MUST ALSO BE COMPLETED**

Have you ever been convicted of or pleaded guilty or nolo contendre ("no contest") to a crime of any kind other than minor traffic violations? *Minor traffic violations include parking tickets and other non-moving violations in addition to speeding and similar moving violations. "Driving while intoxicated" is not a minor traffic violation. (This information is being sought based on NYSE and bonding requirements as well as federal regulations. Applicants will not be summarily rejected because of a conviction record. Applicants with a conviction record who have been denied employment may request a written explanation concerning the denial.)*   ☐ Yes  ☐ No

Have you ever had a gap in your employment history of 6 months or greater?   ☐ Yes  ☐ No

Have you ever been employed by Lehman Brothers Inc. ("Lehman") or any of its subsidiaries, parents, affiliates or predecessor firms?   ☐ Yes  ☐ No

Have you ever been suspended, expelled or otherwise disciplined or penalized by any federal, state or foreign financial regulatory body or by any financial self-regulatory organization, exchange or association, or been denied membership therein, or ever withdrawn your application to such membership?   ☐ Yes  ☐ No

Have you been associated with any broker-dealer, as a director, investment advisor, controlling stockholder, partner, officer, employee or some other representative which has been, or a principal of which has been suspended or expelled from any financial exchange or registered association, or was refused membership therein or withdrew an application for membership, or whose registration as a broker-dealer with the SEC or any state or agency has been denied, suspended, or revoked?   ☐ Yes  ☐ No

Are you now subject to an order of the NASD or any national securities exchange?   ☐ Yes  ☐ No

Have you ever been named as a "cause" or party in any action mentioned in the preceding questions taken with respect to a broker-dealer?   ☐ Yes  ☐ No

Has any permanent or temporary injunction ever been entered against you?   ☐ Yes  ☐ No

In your previous business connections or employment in any capacity, have transactions under your attention ever been the subject of complaint or regulatory proceeding?   ☐ Yes  ☐ No

Are you now or have you ever been subject to an order of the SEC or any other regulatory agency or association which bars or suspends you from becoming associated with a broker-dealer?   ☐ Yes  ☐ No

*If you have answered "YES" to any of the above, please supply additional information as to the reason(s) for the positive response(s) on a separate page.*

**Representation By Applicant**

I understand that any employment by Lehman Brothers Inc. or its affiliated companies (collectively, "Lehman") is conditioned upon positive responses from my references, bonding eligibility, continued adherence to Lehman's policies and procedures, applicable rules and regulations and job performance satisfactory at all times to Lehman.

I consent to take any pre or post-employment examinations as may be required by Lehman, including but not limited to medical, physical and fingerprinting and release Lehman from any liability that may arise from such examination.

I authorize an inquiry to be made on the information contained on this application. Upon written request, the nature and the scope of this inquiry will be made available to me. Former employers named on this application are authorized to give information about me and I release them from all liability for issuing such information. I further authorize Lehman to contact any of my former employers to verify the information I have provided and inquire as to my work history.

I understand that my status is that of an employee at will, meaning that I have no contractual right, express or implied, to remain in Lehman's employ. In consideration of my employment, I specifically agree that my employment or the terms and conditions thereof including compensation, can be changed or terminated with or without cause, and with or without notice, at any time, at the option of Lehman.

In connection with this application for employment with Lehman, I have been informed by Lehman and I understand that, as part of regular employment procedures for employment, promotion, reassignment, or retention as an employee, a consumer report and/or investigative consumer report, including information as to my character, past employment, credit worthiness, general reputation and personal characteristics may be made. I understand that I have the right to make a written request, within a reasonable period of time, for a complete and accurate disclosure of the nature and scope of the investigation requested. I authorize the furnishing of a report concerning my credit worthiness and other information permitted by state and federal laws and agree to hold all persons harmless with respect to any information they may give, receive, or publish.

I hereby attest and warrant that all my answers on this application as well as on all forms completed in conjunction with my employment are true and accurate. I understand that any misrepresentation of facts, failure to disclose information required on this application or material change in any information provided which is not reported to Human Resources shall be cause for dismissal regardless of when discovered by Lehman.

I agree that all work product developed during my employment at Lehman is the property of Lehman and no attempt will be made to deliver or utilize said work product for any purpose other than the benefit of Lehman. I understand that all records, including copies, are property of Lehman and may only be taken upon request of Lehman. I further agree that Lehman has the sole exclusive right to patent, copyright or otherwise protect its proprietary interest in such work product without any such further consent on my part.

**I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers Inc. or any of its affiliated companies, shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc. or the American Stock Exchange Inc. and be resolved in accordance with the rules, then in effect, of such entities. In the event I fail to abide by these terms, this section shall in no way limit or impair the Firm's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction. This provision applies (but is not limited) to any claims or actions under Title VII, the ADA, the ADEA or any other federal, state or local discrimination laws.**

| Signature of Applicant | Date |
|---|---|
|  |  |

# **<u>Exhibit D</u>**

Ref #: 2128880358382CC4 06/25/2001

  Blank Form 

**Submissions**

**Submit To Firm**

**Completeness Check**

**View Form Pages**

Page 1

Page 2

Page 3

Page 4

Page 5

DRPs

All Pages

Return to Data Entry

# FORM U-4

## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REG TRANSFER

### U4 - GENERAL INFORMATION

| First Name: ODALYS | Middle Name: MARIA | Last Name: CHAPMAN |
|---|---|---|
| Firm CRD #: 7506 | Firm or Issuer Name: (Include this employment under Item 20, page 2) LEHMAN BROTHERS INC. | Employment Date (MM/DD/YYYY) 06/18/2001 |
| Billing Code: (optional) 00733 | Applicant's CRD #: 2356541 | |
| Office of Employment Street Address 1: 1221 BRICKELL AVENUE | | Office of Employment Street Ad |
| City: MIAMI | State: Florida | Country: |

### DUAL REGISTRATION

A. Will applicant maintain registration with a Broker Dealer not under commo ownership or control with the firm named above? If yes, list the firm(s) in 20 on page 2.

B. Will applicant maintain registration with an Investment Adviser not under common ownership or control with the firm named above? If yes, list the f in Item 20 on page 2.

◉ By entering this bar code, I represent that I am submitting or promptly CRD/PD Department the hard copy fingerprint cards via U.S. Mail or deli consistent with NASD Rule 1140.

Fingerprint card barcode   (Optional)

○ By selecting this option, I affirm that:

· Applicant has been continuously employed by the firm listed in the Gen section in an unregistered capacity since the last submission of a fingerp

· Applicant is applying for registration with a Fingerprint Exempt firm;

· Applicant has submitted a fingerprint card through a CRD approved ele

· Applicant is a foreign national (not U.S. citizen or domiciled abroad).

### U4 - AFFILIATED FIRMS

Ref #: 2128880358382CC4 06/25/2001                    Page 2 of 13

> Will applicant maintain registration with firm(s) under common ownership or named in item 4 above?
> If Yes, Please fill in the details to indicate a request for registration with a
> ○ Yes ● No

## U4 - SRO REGISTRATIONS

> To be registered with the following *SRO*s and related registration ca
> the appropriate *SRO*/registration request boxes.
> Qualifying examinations will be automatically scheduled if needed. If
> scheduling or re-scheduling an exam, skip this item and complete the
> Requests section.

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CB |
|---|---|---|---|---|---|---|---|
| OP - Registered Options Principal (S4) | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | |
| IR - Investment Company and Variable Contracts Products Rep. (S6) | ☐ | ☐ | | | ☐ | | |
| GS - Full Registration/General Securities Representative (S7) | ☑ | ☑ | ☑ | ☐ | ☐ | ☑ | |
| TR - Securities Trader (S7) | | ☐ | ☐ | | ☐ | | |
| TS - Trading Supervisor (S7) | | ☐ | ☐ | | ☐ | | |
| SU - General Securities Sales Supervisor (S9 and S10) | ☐ | | | ☐ | ☐ | ☐ | |
| BM - Branch Office Manager (S9 and S10) | | ☐ | ☐ | | | | |
| SM - Securities Manager (S12) | | ☐ | | | | | |
| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CB |
| AR - Assistant Representative/Order Processing (S11) | ☐ | | | | ☐ | | |
| IE - Limited Registered Representative (S17) | ☐ | ☐ | ☐ | | | ☐ | |
| DR - Direct Participation Program Representative (S22) | ☐ | ☐ | | | ☐ | | |
| GP - General Securities Principal (S24) | ☐ | | | ☐ | ☐ | | |
| IP - Investment Company and Variable Contracts Products Principal (S26) | ☐ | | | | ☐ | | |
| FA - Foreign Associate | ☐ | | | | | | |
| FN - Financial and Operations Principal (S27) | ☐ | | | | ☐ | ☐ | |
| FI - Introducing Broker-Dealer/Financial and Operations Principal (S28) | ☐ | | | | ☐ | | |

Ref #: 2128880358382CC4 06/25/2001                                    Page 3 of 13

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CSE | PCX | CB |
|---|---|---|---|---|---|---|---|
| DP - Direct Participation Program Principal (S39) | ☐ | | | | ☐ | | |
| OR - Options Representative (S42) | ☐ | | | ☐ | | | |
| MR - Municipal Securities Representative (S52) | ☐ | ☐ | | | ☐ | | |
| MP - Municipal Securities Principal (S53) | ☐ | | | | ☐ | | |
| CS - Corporate Securities Representative (S62) | ☐ | | | | ☐ | | |
| RG - Government Securities Representative (S72) | ☐ | | | | | | |
| PG - Government Securities Principal (S73) | ☐ | | | | | | |
| SA - Supervisory Analyst (S16) | | ☐ | | | | | |
| PR - Limited Representative - Private Securities Offerings (S82) | ☐ | | | | | | |
| **REGISTRATION CATEGORY** | **NASD** | **NYSE** | **AMEX** | **BSE** | **CSE** | **PCX** | **CB** |
| CD - Canada-Limited General Securities Registered Representative (S37) | ☐ | ☐ | | | | | |
| CN - Canada-Limited General Securities Registered Representative (S38) | ☐ | ☐ | | | | | |
| ET - Equity Trader (S55) | ☐ | | | | ☐ | | |
| AM - Allied Member | | ☐ | ☐ | | | | |
| AP - Approved Person | | ☐ | ☐ | | | | |
| LE - Securities Lending Representative | | ☐ | | | | | |
| LS - Securities Lending Supervisor | | ☐ | | | | | |
| ME - Member Exchange | | ☐ | ☐ | ☐ | ☐ | | |
| **REGISTRATION CATEGORY** | **NASD** | **NYSE** | **AMEX** | **BSE** | **CSE** | **PCX** | **CB** |
| FE - Floor Employee | | ☐ | ☐ | ☐ | ☐ | | |
| OF - Officer | | ☐ | | | ☐ | | |
| CO - Compliance Official (S14) | | ☐ | | | | | |
| CF - Compliance Official Specialist (S14A) | | ☐ | | | | | |
| PM - Floor Member Conducting Public Business | | ☐ | ☐ | | | | |
| PC - Floor Clerk Conducting Public Business | | ☐ | ☐ | | | | |
| SC - Front Line Specialist Clerk | | ☐ | | | | | |
| TA - Trading Assistant | | ☐ | | | | | |

Ref #: 2128880358382CC4 06/25/2001                                    Page 4 of 13



## U4 - JURISDICTIONS

Mark ☑ appropriate *jurisdiction* for AG (Broker Dealer Agent) and/o
Adviser Representative) registration. Complete Item 12B for Agen
designation.

| JURISDICTION | AG | IAR | JURISDICTION | AG | IAR | JURISDICTION | AG | IAR | JU |
|---|---|---|---|---|---|---|---|---|---|
| Alabama | ☐ | ☐ | Illinois | ☐ | ☐ | Montana | ☐ | ☐ | Pu |
| Alaska | ☐ | ☐ | Indiana | ☐ | ☐ | Nebraska | ☐ | ☐ | Rh |
| Arizona | ☐ | ☐ | Iowa | ☐ | ☐ | Nevada | ☐ | ☐ | Is |
| Arkansas | ☐ | ☐ | Kansas | ☐ | ☐ | New Hampshire | ☐ | ☐ | So Ca |
| California | ☐ | ☐ | Kentucky | ☐ | ☐ | New Jersey | ☐ | ☐ | So Da |
| Colorado | ☐ | ☐ | Louisiana | ☐ | ☐ | New Mexico | ☐ | ☐ | Te |
| Connecticut | ☐ | ☐ | Maine | ☐ | ☐ | New York | ☑ | ☐ | Te |
| Delaware | ☐ | ☐ | Maryland | ☐ | ☐ | North Carolina | ☐ | ☐ | Ut |
| District of Columbia | ☐ | ☐ | Massachusetts | ☐ | ☐ | North Dakota | ☐ | ☐ | Ve |
| Florida | ☐ | ☐ | Michigan | ☐ | ☐ | Ohio | ☐ | ☐ | Vi |
| Georgia | ☐ | ☐ | Minnesota | ☐ | ☐ | Oklahoma | ☐ | ☐ | W |
| Hawaii | ☐ | ☐ | Mississippi | ☐ | ☐ | Oregon | ☐ | ☐ | W Vi |
| Idaho | ☐ | ☐ | Missouri | ☐ | ☐ | Pennsylvania | ☐ | ☐ | W |

AGENT OF THE ISSUER REGISTRATION CATEGORY ☐ Indicate 2 letter
(s):

## U4 - EXAMINATION REQUESTS

**13. Complete this item below only if you are scheduling or reschedulin
continuing education session.**

| | | | | | |
|---|---|---|---|---|---|
| ☐ S3 | ☐ S10 | ☐ S16 | ☐ S28 | ☐ S38 | ☐ S55 |
| ☐ S4 | ☐ S11 | ☐ S17 | ☐ S30 | ☐ S39 | ☐ S62 |
| ☐ S5 | ☐ S12 | ☐ S22 | ☐ S31 | ☐ S42 | ☐ S63 |
| ☐ S6 | ☐ S14 | ☐ S24 | ☐ S32 | ☐ S52 | ☐ S65 |
| ☐ S7 | | ☐ S26 | ☐ S33 | ☐ S53 | ☐ S66 |
| ☐ S9 | ☐ S14A | ☐ S27 | ☐ S37 | | ☐ S72 |
| | ☐ S15 | | | | |



Date Month (MM) Day (DD) Year (YYYY)

_____

Signature of *Appropriate Signatory*

_____

Type or Print Name of *Appropriate Signatory*

## U4 - PERSONAL INFORMATION

| Firm CRD #<br>7506 | Social Security #<br>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 | Applican<br>2356541 |
|---|---|---|
| First Name:<br>ODALYS | Middle Name:<br>MARIA | Last Nam<br>CHAPMA |
| Suffix JR./SR., etc.: | Date of Birth<br>(MM/DD/YYYY)<br>10/07/1963 | |
| State/Province of Birth<br>CUBA | Country of Birth | Sex<br>Ⓒ Male |
| Height (ft)<br>5 | Height (in)<br>2 | Weight<br>120 |
| Hair Color<br>DIRTY BLONDE | Eye Color<br>HAZEL | |

## U4 - OTHER NAMES

| First Name | Middle Name | Last Name |
|---|---|---|
| ODALYS | | RUIZ |
| ODALYS | MARIA | RUIZ |

## U4 - RESIDENTIAL HISTORY

| From | To | Street (Do not use a P.O.Box) | City | State | Coun |
|---|---|---|---|---|---|
| 09/1998 | PRESENT | 6260 PENT PLACE | MIAMI LAKES | FL | USA |
| 02/1972 | PRESENT | 160 E. 42 STREET | HIALEAH | FL | UNIT |

## U4 - EMPLOYMENT HISTORY

| From | To | Name of Company or Firm | Investment-related business? | City | State | Co |
|---|---|---|---|---|---|---|
| 03/29/1993 | PRESENT | DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION | ⊙ Yes ○ No | MIAMI | FL | |
| 05/01/1990 | 03/01/1993 | SOUTHERN AUDIO VISUAL | ○ Yes ⊙ No | MIAMI | FL | |
| 09/01/1988 | 06/01/1990 | FLORIDA INT'L UNIVERSITY | ○ Yes ⊙ No | MIAMI | FL | |
| 07/01/1988 | 09/01/1989 | WINDSTAR SAIL CRUISES | ○ Yes ⊙ No | MIAMI | FL | |

**U4 - OTHER BUSINESS**

Are you <u>currently</u> engaged in any other business either as a proprietor, partn employee, trustee, agent or otherwise? (Please exclude non *investment-relat* exclusively charitable, civic, religious or fraternal and is recognized as tax exe provide the following details: the name of the other business, whether this bu *investment-related*, the address of the other business, the nature of the othe position, title, or relationship with the other business, the start and end dates relationship, the approximate number of hours/month devoted to the other b of hours devoted to the other business during securities trading hours, and br duties relating to the other business.

○ Yes ⊙ No

_____

Date Month (MM) Day (DD) Year (YYYY)

_____

Signature of *Appropriate Signatory*

_____

Type or Print Name of *Appropriate Signatory*

**U4 - DISCLOSURE QUESTIONS**

| IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS 'YES' AND YOU CANNOT UTILI<br>IN ITEM 23N BELOW, COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON APP |
|---|

## REFER TO THE EXPLANATION OF TERMS SECTION OF FORM U-4 INS EXPLANATIONS OF ITALICIZED TERMS.

### Criminal Disclosure

**23A. (1) Have you ever:**

(a) been convicted of or pled guilty or nolo contendere ("no contest" domestic, foreign, or military court to any *felony*?

(b) been *charged* with any *felony*?

**(2) Based upon activities that occurred while you exercised *cont* has an organization ever:**

(a) been convicted of or pled guilty or nolo contendere ('no contest' domestic or foreign court to any *felony*?

(b) been *charged* with any *felony*?

**23B. (1) Have you ever:**

(a) been convicted of or pled guilty or nolo contendere ("no contest" domestic, foreign or military court to a *misdemeanor involving;* investments or an *investment-related* business or any fraud, fals statements or omissions, wrongful taking of property, bribery, p forgery, counterfeiting, extortion, or a conspiracy to commit any offenses?

(b) been *charged* with a *misdemeanor* specified in 23B(1)(a)?

**(2) Based upon activities that occurred while you exercised *cont* has an organization ever:**

(a) been convicted of or pled guilty or nolo contendere ("no contest" domestic or foreign court to a *misdemeanor* specified in 23B(1)(

(b) been *charged* with a *misdemeanor* specified in 23B(1)(a)?

### Regulatory Disciplinary Actions

**23C. Has the U.S. Securities and Exchange Commission or the Commo Futures Trading Commission ever:**

(1) *found* you to have made a false statement or omission?

(2) *found* you to have been *involved* in a violation of its regulations or s

(3) *found* you to have been a cause of an *investment-related* business h authorization to do business denied, suspended, revoked, or restrict

(4) entered an *order* against you in connection with *investment-related*

(5) imposed a civil money penalty on you, or *ordered* you to cease and any activity?

**23D. Has any other Federal regulatory agency or any state regulatory foreign financial regulatory authority ever:**

(1) *found* you to have made a false statement or omission or been disho unfair or unethical?

(2) *found* you to have been *involved* in a violation of *investment-related* (s) or statute(s)?

(3) *found* you to have been a cause of an *investment-related* business h authorization to do business denied, suspended, revoked or restricte

    (4) entered an *order* against you in connection with an *investment-relat*

    (5) denied, suspended, or revoked your registration or license or otherw *order*, prevented you from associating with an *investment-related* b restricted your activities?

**23E. Has any *self-regulatory organization* or commodities exchange e**

    (1) *found* you to have made a false statement or omission?

    (2) *found* you to have been *involved* in a violation of its rules (other tha violation designated as a *"minor rule violation'* under a plan approv U.S. Securities and Exchange Commission)?

    (3) *found* you to have been the cause of an *investment-related* business authorization to do business denied, suspended, revoked or restricte

    (4) disciplined you by expelling or suspending you from membership, ba suspending your association with its members, or restricting your ac

**23F. Has your authorization to act as an attorney, accountant or fede contractor ever been revoked or suspended?**

**23G. Have you been notified, in writing, that you are now the subject**

    (1) regulatory complaint or *proceeding* that could result in a "yes" answ part of 23C, D or E? *(If yes, complete the Regulatory Action Disclosu Reporting Page.)*

    (2) *investigation* that could result in a "yes" answer to any part of 23A, E? *(If yes, complete the Investigation Disclosure Reporting Page.)*

| Civil Judicial Actions |
|---|

**23H. (1) Has any domestic or foreign court ever:**

    (a) *enjoined* you in connection with any *investment-related* activity

    (b) *found* that you were *involved* in a violation of any *investment-re* statute(s) or regulation(s)?

    (c) dismissed, pursuant to a settlement agreement, an *investment-* action brought against you by a state or *foreign financial regula* authority?

    **(2) Are you named in any pending *investment-related* civil action could result in a 'yes' answer to any part of 23H(1)?**

| Customer Complaints |
|---|

**23I. (1) Have you ever been named as a respondent/defendant in an *investment-related*, consumer-initiated arbitration or civil liti which alleged that you were *involved* in one or more *sales pra violations* and which:**

    (a) is still pending, or;

    (b) resulted in an arbitration award or civil judgment against you, re amount, or;

    (c) was settled for an amount of $10,000 or more?

    **(2) Have you ever been the subject of an *investment-related*, con Initiated complaint, not otherwise reported under question 23 above, which alleged that you were *involved* in one or more s *practice violations*, and which complaint was settled for an am $10,000 or more?**

    **(3) Within the past twenty four (24) months, have you been the an *investment-related*, consumer-initiated, written complaint**

otherwise reported under question 23I(1) or (2) above, whic

   (a) alleged that you were *involved* in one or more *sales practice viol*
     contained a claim for compensatory damages of $5,000 or more
     damage amount is alleged, the complaint must be reported unle
     has made a good faith determination that the damages from the
     conduct would be less than $5,000), or;

   (b) alleged that you were *involved* in forgery, theft, misappropriation
     conversion of funds or securities?

| Terminations |
|---|

**23J. Have you ever voluntarily *resigned*, been discharged or permitted after allegations were made that accused you of:**

   (1) violating *investment-related* statutes, regulations, rules, or industry of conduct?

   (2) fraud or the wrongful taking of property?

   (3) failure to supervise in connection with *investment-related* statutes, r rules or industry standards of conduct?

| Financial |
|---|

**23K. Within the past 10 years:**

   (1) have you made a compromise with creditors, filed a bankruptcy pet been the subject of an involuntary bankruptcy petition?

   (2) based upon events that occurred while you exercised *control* over it organization made a compromise with creditors, filed a bankruptcy been the subject of an involuntary bankruptcy petition?

   (3) based upon events that occurred while you exercised *control* over it broker or dealer been the subject of an involuntary bankruptcy petit a trustee appointed, or had a direct payment procedure initiated un Securities Investor Protection Act?

**23L. Has a bonding company ever denied, paid out on, or revoked a b you?**

**23M. Do you have any unsatisfied judgments or liens against you?**

| DISCLOSURE CERTIFICATION (OPTIONAL) |
|---|

You may only certify to the accuracy and completeness of the disclosure infor if it has been fully provided in DRP format. If DRP(s) are not on file, do not a certification boxes. Provide full details of all matters on DRP(s). All appropria 23 above must be answered, regardless of whether the certification is being u Form U-4 instructions for additional information on the utilization of the certi

23N.   I have received a copy of my disclosure file taken from the CRD syste that all information contained therein is fully disclosed, accurate and further certify the following:

1.   I have no new further information to add to my disclosure file.

2.   I have new information to add to my disclosure file which is reported appropriate DRP(s).

3.   I have updated information, reported on the appropriate DRP(s), whi previously reported.

06/15/2001
(MM DD YYYY)

*Signature of Applicant*

Qhalys Chapman
Type or Print Name of Applicant

_____
(MM DD YYYY)

Signature of *Appropriate Signatory*

_____
Type or Print Name of *Appropriate Signatory*

| **U4 - SIGNATURE** |
|---|

1. I swear or affirm that I have read and understand the items and instruct
   and that my answers (including attachments) are true and complete to t
   knowledge. I understand that I am subject to administrative, civil or crim
   give false or misleading answers.

2. I apply for registration with the *jurisdictions* and *SROs* indicated in Item
   amended from time to time and, in consideration of the *jurisdictions* and
   considering my application, I submit to the authority of the *jurisdictions*
   agree to comply with all provisions, conditions and covenants of the stat
   certificates of incorporation, by-laws and rules and regulations of the *jur*
   as they are or may be adopted, or amended from time to time. I further
   to and comply with all requirements, rulings, orders, directives and decis
   penalties, prohibitions and limitations imposed by the *jurisdictions* and *S*
   right of appeal or review as provided by law.

3. I agree that neither the *jurisdictions* or *SROs* nor any person acting on th
   liable to me for action taken or omitted to be taken in official capacity or
   employment, except as otherwise provided in the statutes, constitutions,
   incorporation, by-laws or the rules and regulations of the *jurisdictions* an

4. I authorize the *jurisdictions* and *SROs* to give any information they may
   to any employer or prospective employer, any federal, state or municipa
   other *SRO* and I release the *jurisdictions* and *SROs* and any person actin
   from any and all liability of whatever nature by reason of furnishing such

5. I agree to arbitrate any dispute, claim or controversy that may arise betw
   firm, or a customer, or any other person, that is required to be arbitrated
   constitutions, or by-laws of the *SROs* indicated in Item 11 as may be am
   time and that any arbitration award rendered against me may be entered
   any court of competent *jurisdiction*.

6. For the purpose of complying with the laws relating to the offer or sale o
   commodities, I irrevocably appoint the administrator of each *jurisdiction*
   11 as may be amended from time to time, or such other person designat
   successors in such office, my attorney upon whom may be served any no
   pleading, subpoena or other document in any action or *proceeding* again
   or in connection with the offer or sale of securities or commodities, or ou
   alleged violation of the laws of such *jurisdictions*. I consent that any such

*proceeding* against me may be commenced in any court of competent *ju*
proper venue by service of process upon the appointee as if I were a resi
been lawfully served with process in, the *jurisdiction*. I request that a cop
process, pleading, subpoena or other document served hereunder be ma
residential address as reflected in this form or any amendment thereto.

7.  I consent that the service of any process, pleading, subpoena, or other d
    *investigation* or administrative *proceeding* conducted by the SEC, CFTC o
    any civil action in which the SEC, CFTC or a *jurisdiction* are plaintiffs, or
    *investigation* or *proceeding* by any SRO against the applicant, may be m
    service or by regular, registered or certified mail or confirmed telegram t
    recent business or home address as reflected in this Form U-4, or any am
    by leaving such documents or notice at such address, or by any other leg
    means.

    I further stipulate and agree that any civil action or administrative *proce*
    the SEC, CFTC or a *jurisdiction* may be commenced by the service of pro
    herein, and that service of an administrative subpoena shall be effected
    that service as aforesaid shall be taken and held in all courts and admini
    be valid and binding as if personal service thereof had been made. *[Syst*
    *form conversion error, the preceding sentence was omitted from the elec*
    *this Form U-4 for filings made through Web CRD from August 16, 1999 t*
    *2000.]*

8.  I authorize all my employers and any other person to furnish to any *juris*
    employer, prospective employer, or any agent acting on its behalf, any in
    have, including my creditworthiness, character, ability, business activitie
    background, general reputation, history of my employment and, in the c
    employers, complete reasons for my termination. Moreover, I release eac
    employer and each other person from any and all liability, of whatever n
    furnishing any of the above information, including that information repor
    Termination Notice for Securities Industry Registration (Form U-5). I rec
    be the subject of an investigative consumer report and waive any require
    with respect to any investigative consumer report ordered by any *jurisdic*
    employer, or prospective employer. I understand that I have the right to
    and accurate disclosure by the *jurisdiction*, SRO, employer or prospective
    nature and scope of the requested investigative consumer report.

9.  I understand and certify that the representations in this form apply to all
    whom I seek registration as indicated in Items 4 and 10 of this form. I a
    form by causing an amendment to be filed on a timely basis whenever ch
    answers previously reported. Further, I represent that, to the extent any
    previously submitted is not amended, the information provided in this fo
    accurate and complete.

10. I authorize any employer or prospective employer to file electronically on
    information required in this form or any amendment thereto; I certify tha
    and approved the information to be submitted to any *jurisdiction* or SRO
    Application; I agree that I will review and approve all disclosure informat
    electronically on my behalf; I further agree to waive any objection to the
    electronically filed records in any criminal, civil, or administrative *procee*

Applicant or applicant's agent has typed applicant's name under this section
completeness and accuracy of this record. The applicant recognizes that this
constitutes, in every way, use or aspect, his or her legally binding signature.

(All applicants must execute this page.)

Ref #: 2128880358382CC4 06/25/2001                                            Page 12 of 13

| Date (MM/DD/YYYY) | Signature of Applicant |
|---|---|
| 06/25/2001 | ODALYS CHAPMAN |
| | Signature |

## THE FIRM MUST COMPLETE THE FOLLOWING:

To the best of my knowledge and belief, the applicant is currently bonded wh at the time of approval, will be familiar with the statutes, constitution(s), rul the agency, *jurisdiction* or *SRO* with which this application is being filed, and registered persons, and will be fully qualified for the position for which applic herein. I agree that, notwithstanding the approval of such agency, *jurisdictio* hereby is requested, I will not employ the applicant in the capacity stated he receiving the approval of any authority that may be required by law.

This firm has communicated with all of the applicant's previous employers fo years and has documentation on file with the names of the persons contacted contact. In addition, I have taken appropriate steps to verify the accuracy an the information contained in and with this application.

I have provided the applicant an opportunity to review the information conta applicant has approved this information and signed the Form U-4.

*The appropriate signatory area **must** be completed on all initial, amendment Registration filings.*

The *appropriate signatory* area for Page 1 or Page 2 amendments consists of and name lines below.

The *applicant* and *appropriate signatory* areas for Page 3 amendments consis signature and name lines for the *appropriate signatory* below and the date, s lines for the *applicant* above.

The *applicant* and *appropriate signatory* areas for Initial or Temporary Regist of the date, signature and name lines for the *appropriate signatory* below, to attestations that precede such lines, and the date, signature and name lines above, together with the ten (10) numbered attestations that precede such l *applicant*. For a Temporary Registration, *applicant* must also execute the Tem Acknowledgement.

| Date (MM/DD/YYYY) | Signature of Appropriate Signatory |
|---|---|
| 06/25/2001 | SIMON E. AMICH |
| | Signature |

---

| **U4 - TEMPORARY REGISTRATION ACKNOWLEDGEMEN** |
|---|

Ref #: 2128880358382CC4 06/25/2001                                     Page 13 of 13

If an applicant has been registered in a *jurisdiction or self regulatory organiz* 30 days prior to the date an application for registration is filed with the Cent Depository, he or she may qualify for a Temporary Registration to conduct se in that *jurisdiction or SRO* if this acknowledgement is executed and filed with the applicant's firm.

This acknowledgement must be signed only if the applicant intends to apply Registration while the application for registration is under review.

I request a Temporary Registration in each *jurisdiction and/or SRO* requeste while my registration with the *jurisdiction(s) and/or SRO(s)* requested is und

I am requesting a Temporary Registration with the firm filing on my behalf f *(s) and/or SRO(s)* noted in item 11 of this Form U-4;

I understand that I may request a Temporary Registration only in those *juris SRO(s)* in which I have been registered with my prior firm within the previou

I understand that I may not engage in any securities activities requiring regi *jurisdiction and/or SRO* until I have received notice from the CRD that I have Temporary Registration in that *jurisdiction and/or SRO;*

I agree that until the Temporary Registration has been replaced by a registra *jurisdiction and/or SRO* in which I have applied for registration may withdraw Registration;

If a *jurisdiction and/or SRO* withdraws my Temporary Registration my applic held pending in that *jurisdiction and/or SRO* until its review is complete and granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is with *jurisdiction and/or SRO,* I must immediately cease any securities activities re registration in that *jurisdiction and/or SRO* until it grants my registration;

I understand that by executing this Acknowledgement I am agreeing not to c withdrawal of a Temporary Registration, however, I do not waive any right I *jurisdiction and/or SRO* with respect to any decision by that *jurisdiction and/* application for registration.

**Date (MM/DD/YYYY)**          **Name of Applicant**
**06/25/2001**                 **ODALYS CHAPMAN**

                               **Signature**

Back to Top

© 1999-2000, NASD Regulation, Inc. All Rights Reserved.

.../CRD_FRM_U4U5ViewHist.asp?FR=Print0&FL=0&RefNum=2128880358382CC4&form=U6/25/01

# **Exhibit E**

**FORM U-4**

UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER    If amending, complete Items 1, 2, 3, 4 and Items being amende

| LAST NAME | JR., / SR., etc. | FIRST NAME | MIDDLE NAME | APPLICANT'S CRD # |
|---|---|---|---|---|
| SEIBOLD | | LAURALEE | | |

APPLICANT'S S.S. #  138 - 58 - 8223

FIRM CRD #  7506

FIRM OR ISSUER NAME  LEHMAN BROTHERS INC.

EMPLOYMENT DATE (MM DD YYYY)  7/20/2001

CRD BRANCH #

OFFICE OF EMPLOYMENT ADDRESS

BILLING CODE (optional)

**DUAL REGISTRATION**

A. Will applicant maintain registration with a broker dealer not under common ownership or control with the firm in Item 4 above?  ☐ Yes ☒ No
B. Will applicant maintain registration with an investment adviser not under common ownership or control with the firm in Item 4 above?  ☐ Yes ☒ No

**AFFILIATED FIRMS**

A. Will applicant maintain registration with firm(s) under common ownership or control with the firm named in Item 4 above?  ☐ Yes ☒ No

| REGISTRATION CATEGORY | NASD | NYSE | AMEX | BSE | CBS | PCX | CBOE | CHX | PHLX |
|---|---|---|---|---|---|---|---|---|---|
| GS - Full Registration/General Securities Representative (S7) | X | X | X | | | X | X | | |

If you have taken an exam prior to registering through the CRD system please enter the exam type and date taken.  Exam type

3/31  (requested BR to transfer S31)

CRD USE ONLY

# FORM U-4
## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER
### If amending, complete only Items 14, 15 and the Items being amended.

| ① FIRM CRD # | SOCIAL SECURITY # | APPLICANT'S CRD # |
|---|---|---|
| 7506 | 1 3 8 - 5 8 - 8 2 2 3 | |

### PERSONAL DATA

| ⑭ LAST NAME | JR./SR. etc | FIRST NAME | MIDDLE NAME | ⑮ MAIDEN / OTHER NAMES KNOWN BY |
|---|---|---|---|---|
| SEIBOLD | | LAURALEE | | PFEIFFER |

| ⑰ DATE OF BIRTH (MMDDYY) | STATE/COUNTRY OF BIRTH | ⑯ SEX | HEIGHT (FT. IN) | WEIGHT (LBS.) | HAIR COLOR | EYE COLOR |
|---|---|---|---|---|---|---|
| 1L-17-70 | Cherrif Hill NJ, USA | ☐ M ☑ F | 6' 0" | 150 | Brn | Bln |

### RESIDENTIAL HISTORY

⑱ STARTING WITH CURRENT ADDRESS, GIVE ALL ADDRESSES FOR THE PAST 5 YEARS.
REPORT CHANGES ONLY WHEN THEY OCCUR. USE THE ATTACHMENT SHEET IF ADDITIONAL SPACE IS REQUIRED.

| MONTH FROM YYYY | MONTH TO YYYY | STREET (Do not use a P.O. Box) | CITY | STATE/COUNTRY | ZIP |
|---|---|---|---|---|---|
| 6 93 | PRESENT | 9181 Fontainbleau Blvd #1 | MIAMI | FL | 3372 |
| | | | | | |
| | | | | | |
| | | | | | |

### EMPLOYMENT AND PERSONAL HISTORY

⑳ PROVIDE COMPLETE EMPLOYMENT HISTORY FOR THE PAST 10 YEARS. INCLUDE THE FIRM(S) NOTED IN ITEM 4 AND 10. INCLUDE ALL FIRM(S) FROM ITEM 9.
(Account for all time including full and part-time employments, self employment, military service, and homemaking. Also include statuses such as unemployed, full-time education, or travel that lasted for at least one month.)
REPORT CHANGES ONLY WHEN THEY OCCUR. USE ATTACHMENT SHEET IF ADDITIONAL SPACE IS REQUIRED.

| FROM MONTH YYYY | TO MONTH YYYY | NAME | INVESTMENT RELATED BUSINESS? | CITY | STATE/COUNTRY | POSITION HELD |
|---|---|---|---|---|---|---|
| 10 98 | 3 2000 | DLJ | ☑ Yes ☐ No | Miami | FL | Sales Assot |
| 11 90 | 9 1998 | Morgan Stanley Dean | ☑ Yes ☐ No | Coral Gables | FL | Fin'l Advisor |
| 8 95 | 11 96 | Administrative Services | ☑ Yes ☐ No | Miami | FL | Staff Acct. |
| 8 92 | 8 94 | Chili's | ☐ Yes ☑ No | Miami | FL | Hostess/Waitress |
| 1 92 | 10 92 | Irene Marie | ☐ Yes ☑ No | Miami Bch | FL | Model |
| 5 91 | 8 91 | Junkscan Inc | ☐ Yes ☑ No | Coral Gables | FL | Admin. Asst. |
| 9 89 | 5 91 | The Old Oyster Factory | ☐ Yes ☑ No | Hilton Head | SC | Hostess/Cashier |
| | | | ☐ Yes ☐ No | | | |
| | | | ☐ Yes ☐ No | | | |
| | | | ☐ Yes ☐ No | | | |
| | | | ☐ Yes ☐ No | | | |
| | | | ☐ Yes ☐ No | | | |

㉑ ARE YOU CURRENTLY ENGAGED IN ANY OTHER BUSINESS EITHER AS A PROPRIETOR, PARTNER, OFFICER, DIRECTOR, EMPLOYEE, TRUSTEE, AGENT OR OTHERWISE? (Please exclude non investment-related activity which is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt).

☐ YES ☑ NO    If "YES", please use the attachment sheet of this form to provide the following details: the name of the other business, whether this business is investment-related, the address of the other business, the nature of your business, your position, title or relationship with the other business, the start and end dates of your relationship, the approximate number of hours/month devoted to the other business, the number of hours devoted to the other business during securities trading hours, and briefly describe your duties relating to the other business.

The appropriate signatory area DOES NOT have to be completed UNLESS this page is being submitted as an amendment.

MONTH (MM) DAY (DD) YEAR (YYYY)    SIGNATURE OF APPROPRIATE SIGNATORY

TYPE OR PRINT NAME OF APPROPRIATE SIGNATORY          CRD USE ONLY

**FORM U-4**   UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

*If there is an amendment to this page, complete only Item 22 and items being amended.*

| (22) FIRM CRD # | SOCIAL SECURITY # | APPLICANT'S CRD # |
|---|---|---|
| 7506 | 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 | |

IF THE ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS "YES" AND YOU CANNOT UTILIZE THE CERTIFICATION IN ITEM 23N BELOW, ATTACH COMPLETE DETAILS OF ALL EVENTS OR PROCEEDINGS ON AN APPROPRIATE DRP.

**(23)  REFER TO THE *EXPLANATION OF TERMS* SECTION OF FORM U-4 INSTRUCTIONS FOR EXPLANATIONS OF *ITALICIZED* TERMS.**

|  | YES | NO |
|---|---|---|
| **A.** (1) Have you ever: | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any *felony*? | ☐ | ☑ |
| (b) been charged with any *felony*? | ☐ | ☑ |
| (2) Based upon activities that occurred while you exercised *control* over it, has an organization ever: | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to any *felony*? | ☐ | ☑ |
| (b) been charged with any *felony*? | ☐ | ☑ |
| **B.** (1) Have you ever: | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to a *misdemeanor* involving: investments or an *investment-related* business or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses? | ☐ | ☑ |
| (b) been charged with a *misdemeanor* specified in 23B(1)(a)? | ☐ | ☑ |
| (2) Based upon activities that occurred while you exercised *control* over it, has an organization ever: | | |
| (a) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic or foreign court to a *misdemeanor* specified in 23B(1)(a)? | ☐ | ☑ |
| (b) been charged with a *misdemeanor* specified in 23B(1)(a)? | ☐ | ☑ |
| **C.** Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever: | | |
| (1) found you to have made a false statement or omission? | ☐ | ☑ |
| (2) found you to have been *involved* in a violation of its regulations or statutes? | ☐ | ☑ |
| (3) found you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted? | ☐ | ☑ |
| (4) entered an *order* against you in connection with *investment-related* activity? | ☐ | ☑ |
| (5) imposed a civil money penalty on you, or *ordered* you to cease and desist from any activity? | ☐ | ☑ |
| **D.** Has any other Federal regulatory agency or any state regulatory agency or *foreign financial regulatory authority* ever: | | |
| (1) found you to have made a false statement or omission or been dishonest, unfair or unethical? | ☐ | ☑ |
| (2) found you to have been *involved* in a violation of *investment-related* regulation(s) or statute(s)? | ☐ | ☑ |
| (3) found you to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted? | ☐ | ☑ |
| (4) entered an *order* against you in connection with *investment-related* activity? | ☐ | ☑ |
| (5) denied, suspended, or revoked your registration or license or otherwise, by *order*, prevented you from associating with an *investment-related* business or restricted your activities? | ☐ | ☑ |
| **E.** Has any *self-regulatory organization* or commodities exchange ever: | | |
| (1) found you to have made a false statement or omission? | ☐ | ☑ |
| (2) found you to have been *involved* in a violation of its rules (other than a violation designated as a "minor rule violation" under a plan approved by the U.S. Securities and Exchange Commission)? | ☐ | ☑ |
| (3) found you to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked or restricted? | ☐ | ☑ |
| (4) disciplined you by expelling or suspending you from membership, barring or suspending your association with its members, or restricting your activities? | ☐ | ☑ |
| **F.** Has your authorization to act as an attorney, accountant or federal contractor ever been revoked or suspended? | ☐ | ☑ |
| **G.** Have you been notified, in writing, that you are now the subject of any: | | |
| (1) regulatory complaint or proceeding that could result in a "yes" answer to any part of 23C, D or E? (If yes, complete the *Regulatory Action Disclosure Reporting Page*.) | ☐ | ☑ |
| (2) *investigation* that could result in a "yes" answer to any part of 23A, B, C, D or E? (If yes, complete the *Investigation Disclosure Reporting Page*.) | ☐ | ☑ |

|  | YES | NO |
|---|---|---|
| **H.** Has any domestic or foreign court ever: | | |
| (a) *enjoined* you in connection with any *investment-related* activity? | ☐ | ☑ |
| (b) found that you were *involved* in a violation of any *investment-related* statute(s) or regulation(s)? | ☐ | ☑ |
| (c) dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against you by a state or foreign *financial regulatory authority*? | ☐ | ☑ |
| (2) Are you named in any pending *investment-related* civil action that could result in a "yes" answer to any part of 23H(1)? | ☐ | ☑ |
| **I.** (1) Have you ever been named as a *respondent/defendant* in an *investment-related*, consumer-initiated arbitration or civil litigation which alleged that you were *involved* in one or more *sales practice violations* and which: | | |
| (a) is still pending, or? | ☐ | ☑ |
| (b) resulted in an arbitration award or civil judgment against you, regardless of amount, or? | ☐ | ☑ |
| (c) was settled for an amount of $10,000 or more? | ☐ | ☑ |
| (2) Have you ever been the subject of an *investment-related*, consumer-initiated complaint, not otherwise reported under question 23I(1) above, which alleged that you were *involved* in one or more *sales practice violations*, and which complaint was settled for an amount of $10,000 or more? | ☐ | ☑ |
| (3) Within the past twenty four (24) months, have you been the subject of an *investment-related*, consumer-initiated, written complaint, not otherwise reported under question 23I(1) or (2) above, which: | | |
| (a) alleged that you were *involved* in one or more *sales practice violations* and contained a claim for compensatory damages of $5,000 or more (if no damage amount is alleged, the complaint must be reported unless the firm has made a good faith determination that the damages from the alleged conduct would be less than $5,000), or; | ☐ | ☑ |
| (b) alleged that you were *involved* in forgery, theft, misappropriation or conversion of funds or securities? | ☐ | ☑ |
| **J.** Have you ever voluntarily resigned, been discharged or permitted to resign after allegations were made that accused you of: | | |
| (1) violating *investment-related* statutes, regulations, rules, or industry standards of conduct? | ☐ | ☑ |
| (2) fraud or the wrongful taking of property? | ☐ | ☑ |
| (3) failure to supervise in connection with *investment-related* statutes, regulations, rules or industry standards of conduct? | ☐ | ☑ |
| **K.** Within the past 10 years: | | |
| (1) have you made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition? | ☐ | ☑ |
| (2) based upon events that occurred while you exercised *control* over it, has an organization made a compromise with creditors, filed a bankruptcy petition or been the subject of an involuntary bankruptcy petition? | ☐ | ☑ |
| (3) based upon events that occurred while you exercised *control* over it, has a broker or dealer been the subject of an involuntary bankruptcy petition, or had a trustee appointed, or had a direct payment procedure initiated under the Securities Investor Protection Act? | ☐ | ☑ |
| **L.** Has a bonding company ever denied, paid out on, or revoked a bond for you? | ☐ | ☑ |
| **M.** Do you have any unsatisfied judgments or liens against you? | ☐ | ☑ |

**DISCLOSURE CERTIFICATION (OPTIONAL)**

You may only certify to the accuracy and completeness of the disclosure information in your file if it has been fully provided in DRP format. If DRP(s) are not on file, do not answer these certification boxes. Provide full details of all matters on DRP(s). All appropriate questions in Item 23 must be answered, regardless of whether this certification is being utilized. Refer to the Form U-4 instructions for additional information on the utilization of this certification language.

| | | | |
|---|---|---|---|
| **N.** I have received a copy of my disclosure file taken from the CRD system. I acknowledge that all information contained therein is fully disclosed, accurate and in DRP format, and further certify the following: | 1. I have no new information to add to my disclosure file | 1. | ☐ |
| | 2. I have new information to add to my disclosure file which is reported on the appropriate DRP(s) | 2. | ☐ |
| | 3. I have updated information, reported on the appropriate DRP(s), which was previously reported | 3. | ☐ |

The applicant and appropriate signatory area DOES NOT have to be completed UNLESS this page is being submitted as an amendment.

| (MM DD YYYY) | SIGNATURE OF APPLICANT |
|---|---|
| TYPE OR PRINT NAME OF APPLICANT | |

| (MM DD YYYY) | SIGNATURE OF APPROPRIATE SIGNATORY |
|---|---|
| TYPE OR PRINT NAME OF APPROPRIATE SIGNATORY | |

CRD USE ONLY

Rev. Form U-4 (9/1999)                                                                PAGE 3

# FORM U-4
## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

| FIRM CRD # | SOCIAL SECURITY # | APPLICANT'S CRD # |
|---|---|---|
| 7506 | 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 | |

1. I swear or affirm that I have read and understand the items and instructions on this form and that my answers (including attachments) are true and complete to the best of my knowledge. I understand that I am subject to administrative, civil or criminal penalties if I give false or misleading answers.

2. I apply for registration with the *jurisdictions* and *SROs* indicated in Item 11 as may be amended from time to time and, in consideration of the *jurisdictions* and *SROs* receiving and considering my application, I submit to the authority of the *jurisdictions* and *SROs* and agree to comply with all provisions, conditions and convenants of the statutes, constitutions, certificates of incorporation, by-laws and rules and regulations of the *jurisdictions* and *SROs* as they are or may be adopted, or amended from time to time. I further agree to be subject to and comply with all requirements, rulings, orders, directives and decisions of, and penalties, prohibitions and limitations imposed by the *jurisdictions* and *SROs*, subject to right of appeal or review as provided by law.

3. I agree that neither the *jurisdictions* or *SROs* nor any person acting on their behalf shall be liable to me for action taken or omitted to be taken in official capacity or in the scope of employment, except as otherwise provided in the statutes, constitutions, certificates of incorporation, by-laws or the rules and regulations of the *jurisdictions* and *SROs*.

4. I authorize the *jurisdictions* and *SROs* to give any information they may have concerning me to any employer or prospective employer, any federal, state or municipal agency, or any other *SRO* and I release the *jurisdictions* and *SROs* and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

5. I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the *SROs* indicated in Item 11 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent *jurisdiction*.

6. For the purpose of complying with the laws relating to the offer or sale of securities or commodities, I irrevocably appoint the administrator of each *jurisdiction* indicated in Item 11 as may be amended from time to time, or such other person designated by law, and the successors in such office, my attorney upon whom may be served any notice, process, pleading, subpoena or other document in any action or *proceeding* against me arising out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the laws of such *jurisdictions*. I consent that any such action or *proceeding* against me may be commenced in any court of competent *jurisdiction* and proper venue by service of process upon the appointee as if I were a resident of, and had been lawfully served with process in, the *jurisdiction*. I request that a copy of any notice, process, pleading, subpoena or other document served hereunder be mailed to my current residential address as reflected in this form or any amendment thereto.

7. I consent that the service of any process, pleading, subpoena, or other document in any *investigation* or administrative *proceeding* conducted by the SEC, CFTC or a *jurisdiction* or in any civil action in which the SEC, CFTC or a *jurisdiction* are plaintiffs, or the notice of any *investigation* or *proceeding* by any *SRO* against the applicant, may be made by personal service or by regular, registered or certified mail or confirmed telegram to me at my most recent business or home address as reflected in this Form U-4, or any amendment thereto, by leaving such documents or notice at such address, or by any other legally permissible means.

   I further stipulate and agree that any civil action or administrative *proceeding* instituted by the SEC, CFTC or a *jurisdiction* may be commenced by the service of process as described herein, and that service of an administrative subpoena shall be effected by such service, and that service as aforesaid shall be taken and held in all courts and administrative tribunals to be valid and binding as if personal service thereof had been made.

8. I authorize all my employers and any other person to furnish to any *jurisdiction*, *SRO*, employer, prospective employer, or any agent acting on its behalf, any information they have, including my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U-5). I recognize that I may be the subject of an investigative consumer report and waive any requirement of notification with respect to any investigative consumer report ordered by any *jurisdiction*, *SRO*, employer, or prospective employer. I understand that I have the right to request complete and accurate disclosure by the *jurisdiction*, *SRO*, employer or prospective employer of the nature and scope of the requested investigative consumer report.

9. I understand and certify that the representations in this form apply to all employers with whom I seek registration as indicated in Items 4 and 10 of this form. I agree to update this form by causing an amendment to be filed on a timely basis whenever changes occur to answers previously reported. Further, I represent that, to the extent any information previously submitted is not amended, the information provided in this form is currently accurate and complete.

10. I authorize any employer or prospective employer to file electronically on my behalf any information required in this form or any amendment thereto; I certify that I have reviewed and approved the information to be submitted to any *jurisdiction* or *SRO* on this Form U-4 Application; I agree that I will review and approve all disclosure information that will be filed electronically on my behalf; I further agree to waive any objection to the admissibility of the electronically filed records in any criminal, civil, or administrative *proceeding*.

(All applicants must execute this page.)

MM / DD / YYYY

SIGNATURE OF APPLICANT

LAURALEE SEIBOLD
TYPE OR PRINT NAME OF APPLICANT

Rev. Form U-4 (6/1999)

# FORM U-4
## UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER

| FIRM CRD # | SOCIAL SECURITY # | APPLICANT'S CRD # |
|---|---|---|
| 7506 | 1 38 - 58 - 8223 | |

## TEMPORARY REGISTRATION ACKNOWLEDGEMENT

If an applicant has been registered in a *jurisdiction or self-regulatory organization (SRO)* in the 30 days prior to the date an application for registration is filed with the Central Registration Depository, he or she may qualify for a Temporary Registration to conduct securities business in that *jurisdiction or SRO* if this acknowledgement is executed and filed with the Form U-4 at the applicant's firm.

This acknowledgement must be signed only if the applicant intends to apply for a Temporary Registration while the application for registration is under review.

I request a Temporary Registration in each *jurisdiction* and/or *SRO* requested on this Form U-4, while my registration with the *jurisdiction(s* and/or *SRO(s)* requested is under review;

I am requesting a Temporary Registration with the firm filing on my behalf for the *jurisdiction(s)* and/or *SRO(s)* noted in Item 11 of this Form U-4;

I understand that I may request a Temporary Registration only in those *jurisdiction(s)* and/or *SRO(s)* in which I have been registered with my prior firm within the previous 30 days;

I understand that I may not engage in any securities activities requiring registration in a *jurisdiction* and/or *SRO* until I have received notice from the CRD that I have been granted a Temporary Registration in that *jurisdiction* and/or *SRO;*

I agree that until the Temporary Registration has been replaced by a registration, any *jurisdiction* and/or *SRO* in which I have applied for registration may withdraw the Temporary Registration;

If a *jurisdiction* or *SRO* withdraws my Temporary Registration my application will then be held pending in that *jurisdiction* or *SRO* until it review is complete and the registration is granted or denied, or the application is withdrawn;

I understand and agree that, in the event my Temporary Registration is withdrawn by a *jurisdiction* and/or *SRO*, I must immediately cease any securities activities requiring a registration in that *jurisdiction* and/or *SRO* until it grants my registration;

I understand that by executing this Acknowledgement I am agreeing not to challenge the withdrawal of a Temporary Registration, however do not waive any right I may have in any *jurisdiction* and/or *SRO* with respect to any decision by that *jurisdiction* and/or *SRO* to deny m application for registration.

3/20/2000
MM / DD / YYYY

SIGNATURE OF APPLICANT

LAURALEE SEIBEL
TYPE OR PRINT NAME OF APPLICANT

## THE FIRM MUST COMPLETE THE FOLLOWING:

To the best of my knowledge and belief, the applicant is currently bonded where required, and, at the time of approval, will be familiar with the statutes, constitution(s), rules and by-laws of the agency, *jurisdiction* or *SRO* with which this application is being filed, and the rules governing registered persons, and will be fully qualified for the position for which application is being made herein. I agree that notwithstanding the approval of such agency, *jurisdiction* or *SRO* which hereby is requested, I will not employ the applicant in the capacity stated herein without first receiving the approval of any authority that may be required by law.

This firm has communicated with all of the applicant's previous employers for the past three years and has documentation on file with the names of the persons contacted and the date of contact. In addition, I have taken appropriate steps to verify the accuracy and completeness of the information contained in and with this application.

I have provided the applicant an opportunity to review the information contained herein and the applicant has approved this information and signed the Form U-4.

*The appropriate signatory area must be completed on all initial, amendment or Temporary Registration filings.*

3/30/00
MM / DD / YYYY

SIGNATURE OF APPROPRIATE SIGNATORY

Simon E. Amich
TYPE OR PRINT NAME OF APPROPRIATE SIGNATORY

## FORM U-4
### UNIFORM APPLICATION FOR SECURITIES INDUSTRY REGISTRATION OR TRANSFER
*ATTACHMENT SHEET FOR ITEMS 19, 20 AND 21*

| LAST NAME | JR./SR., etc. | FIRST NAME | MIDDLE NAME |
|---|---|---|---|
| SEIBOLD | | LAURALEE | |

| CRD # | | SOCIAL SECURITY # | FIRM CRD # |
|---|---|---|---|
| | | 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 | |

*Use this Attachment Sheet to report continued information from Items 19, 20 and 21 of Form U-4.*
*(For Item 23 use the Disclosure Reporting Page (DRP).)*

| ITEM OF FORM (IDENTITY) | ANSWER |
|---|---|
| | |

| MONTH | DAY | YEAR | SIGNATURE OF APPROPRIATE SIGNATORY |
|---|---|---|---|
| | | | |

Rev. Form U-4 (9/1999)                    *ATTACHMENT SHEET*

# **Exhibit F**

02-23126

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIV-MOORE

MIAMI DIVISION

ODALYS CHAPMAN on behalf
of herself and other similarly
situated persons,

CASE NO.

JURY TRIAL DEMANDED

Plaintiffs,

vs.

LEHMAN BROTHERS INC.,

Defendant.

_____/

## NATIONAL COLLECTIVE ACTION
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ODALYS CHAPMAN, former employees of Defendant Lehman Brothers
Inc.(hereinafter "Lehman"), bring this action on behalf of herself and other similarly situated
employees, past and present, of Defendant Lehman to recover unpaid overtime compensation,
liquidated damages, attorneys' fees, and costs, under the provisions of Section 16(b) of the Fair
Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) (hereinafter "the Act").

## I. INTRODUCTION

## NATIONAL COLLECTIVE ACTION BY LEHMAN
## HOURLY EMPLOYEES FOR UNPAID OVERTIME

1.      Plaintiff Odalys Chapman brings this nationwide collective lawsuit against Defendant
Lehman on behalf of herself and all other past and present employees of Lehman, employed by
Lehman at any time within the last three (3) years as securities sales assistants (sometimes known
at Lehman as "SAs"), wire operators, cashiers, or similarly situated clerical, hourly positions.[1]

---

[1]     The title "Sales Assistant" is generally used in the securities industry for the individuals who
primarily perform secretarial and clerical duties for securities firms' stockbrokers.



2.      Lehman, as a matter of practice and policy, refused and/or failed, and upon information and belief, refuses and fails, to pay overtime compensation to employees who were and are not exempt from the Fair Labor Standards Act and work greater than forty (40) hours in a given work week.

3.      Ms. Chapman and the similarly situated employees are owed overtime pay, liquidated damages, costs and attorneys' fees under the Fair Labor Standards Act.

4.      Specifically, Lehman violated the Fair Labor Standards Act with regard to these employees as follows:

a.      Such employees work(ed) hours for which they are/were not allowed to record and/or submit to Lehman for payment;

b.      Such employees are/were not paid for all hours worked in a given workweek;

c.      Such employees are/were not paid overtime compensation at a rate not less than one and one-half (1½) times the rate they are/were employed, for work performed beyond forty (40) hours per week; and

d.      Lehman has/does not regularly make, keep or preserve records of the hours maintained by such employees as required by the Act.

**II.  WILLFUL FAILURE AND REFUSAL TO PAY OVERTIME**

5.      Ms. Chapman alleges, on behalf of themselves and the other similarly situated employees, that Lehman's failure to pay overtime was knowing and willful.  Accordingly, Ms. Chapman and the other employees are entitled to recover all overtime pay due for overtime hours worked within the last three (3) years from the later of the date of filing this lawsuit, or the date the particular employee joins the lawsuit by filing a "Consent to Become Party Plaintiff" form (similar in form to the consent form signed by Ms. Chapman and attached hereto as Exhibit "A") with the

2

Court. Ms. Chapman also seeks, on behalf of herself and other employees, an additional equal amount as liquidated damages, plus attorneys' fees and costs.

## III. NATURE OF THE CASE

### THE COMPANY

6.      Lehman is a leading global investment bank serving institutional, corporate, government and individual clients. Lehman's businesses include securities underwriting, sales and trading, investment banking, private equity, financial advisory services, investment research, venture capital, and brokerage services. It operates in over 42 cities worldwide and has over 12,000 employees.

7.      Lehman's Capital Markets and Client Services Divisions provide brokerage services to institutional and individual customer accounts with over $200 billion in assets. Lehman offers clients a full range of investment products — including stocks, bonds, mutual funds, CDs, insurance and annuities — and services such as advice on retirement planning, asset allocation, overall money management, college funding, estate planning, trust services, and special services for affluent investors.

8.      Lehman is a wholly owned subsidiary of Lehman Brothers Holdings, Inc. The Company's worldwide headquarters are in New York. Lehman is one of the world's largest securities firms, with approximately $4.1 billion in net revenues in 2001, $3.4 billion in equity, and $191 billion in assets as of November 30, 2001.

### THE "FINANCIAL CONSULTANTS"

9.      To service its clients and thousands of accounts, Lehman employs thousands of domestic and international financial consultants.

10.     Typically, individuals hired by Lehman as financial consultants are experienced

3

stockbrokers. Nevertheless, Lehman provides extensive training to these experienced brokers upon hiring and periodically throughout their employment.

11.     Each year Lehman also hires and trains inexperienced stockbrokers as financial consultants. Lehman invests a substantial amount of time and money in developing and training its Financial Consultants. Additionally, Lehman provides the FC trainees with salary commitments and incentives among the most generous of any firm.

12.     Lehman's financial consultants are also typically provided or assigned accounts/clients or a "book" of clients and prospective clients to solicit for securities sales or other securities transactions.

13.     Lehman compensates its financial consultants on a commission basis. Lehman's payout schedule is among the highest in the industry. Additionally, Lehman pays established brokers who join Lehman lavish bonuses, including upfront money, increased payouts upon joining Lehman. The financial consultants earn commissions based on the volume of securities transactions they produce, and, as such, theoretically have virtually unlimited earning power.

## THE SALES ASSISTANTS AND OTHER SUPPORT STAFF

14.     Lehman's financial consultants rely on a small army of non-exempt, hourly sales assistants, wire operators, and other similarly situated persons to perform the routine, clerical tasks incidental to the financial consultants conducting the business of securities sales.

15.     In comparison to the lucrative compensation Lehman pays its financial consultants, its sales assistants, wire operators, cashiers, and other non-exempt hourly employees who support the financial consultants and Lehman management are paid low wages.

16.     Unlike the financial consultants, the sales assistants and other non-exempt, hourly employees, have no accounts or customers "assigned" to them. Nor did or does Lehman give the

4

sales assistants or other non-exempt, hourly employees, any discretion to deal with Lehman's customers' accounts. Rather, financial advice may only be given by the financial consultant to whom the sales assistant is assigned.

17.     Moreover, in contrast to the financial consultants, the sales assistants, cashiers, and other non-exempt, hourly employees are not paid on a commission basis, do not receive upfront bonuses or loans and the like regularly awarded to Lehman's financial consultants.

18.     During the course of Ms. Chapman's employment as a sales assistant at Lehman, she was assigned to work for one or more financial consultants. Ms. Chapman's duties were routine clerical tasks such as ordering supplies, getting coffee for clients and financial consultants, making copies, filling out and submitting expense reports for their assigned financial consultants, answering telephones, typing letters, forms, and reports, processing outgoing mail, establishing, organizing and maintaining files, utilizing word processing, spreadsheet and similar basic software programs, operating the telephone switchboard (relieving the receptionist), taking messages for her assigned financial consultants or others in their office, ordering food for the people in the office, scheduling travel and entertainment, setting personal and business appointments for the financial consultants, and otherwise assisting her assigned financial consultants and others in the office.

## UNPAID OVERTIME

19.     Lehman's sales assistants, and other non-exempt, hourly employees, as a condition of continued employment, were/are regularly forced to work nights, weekends and holidays processing the routine clerical work stemming from the thousands of Lehman's clients' brokerage accounts which generate revenues for Lehman and commissions for the financial consultants. Although the sales assistants and the other non-exempt, hourly employees are regularly required to perform such additional, overtime work, they are regularly and routinely paid no overtime

5

compensation. It is not clear on what, if any, exemption Lehman relies upon in not paying its sales

assistants and other non-exempt, hourly employees overtime compensation for working greater than

forty (40) hours per week. As there appears to be no possible applicable exemption, Defendant

Lehman's conduct should be determined willful, so as to extend the statute of limitations for this

action to three (3) years. *29 U.S.C. § 255(a).*

## IV. **STATUTORY BASIS OF CASE**

20.     This is a collective action brought pursuant to 29 U.S.C. § 216 (Section 16 of the Fair

Labor Standards Act) by Plaintiffs on behalf of themselves and other employees of Defendant

Lehman, defined as:

> All individuals employed by Defendant Lehman in the U.S. as
> securities sales assistants or sales assistants, or in other similarly
> situated positions, who within three (3) years from consenting to be
> included in this collective action, worked but were not paid for,
> overtime work, or were not paid for overtime work at a rate not less
> than one and one-half times their regular rate of compensation.

21.     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) (Section

16(b) of the Act), and 28 U.S.C. § 1337, relating to any civil action or proceeding arising under any

act of Congress regulating commerce.

22.     Plaintiff, Odalys Chapman is a Florida resident.

23.     Defendant, Lehman, is a Delaware corporation with its U.S. principal office and place

of business located in New York, New York. At all material times referenced herein, Defendant

Lehman was authorized to do business in the State of Florida and maintained offices and agents and

transacted regular, not isolated, acts of business in this judicial district , at offices located herein

which are within the territorial jurisdiction of this Court, and otherwise throughout the State of

Florida and various other parts of the United States.

6

24.     At all material times mentioned herein, Lehman was engaged in the business of soliciting and selling securities, providing investment advice to retail and other customers, and engaging in other activities relating to the securities brokerage business throughout this district, the State of Florida, and the various other states of the United States.

25.     Venue lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391 (General Venue Provision), and the Defendant is subject to personal jurisdiction in this district and division.

26.     All conditions precedent to the maintenance of this cause of action have been performed or have occurred.

## VI. FACTUAL ALLEGATIONS AND PRAYER FOR RELIEF

27.     In approximately June, 2001, Ms. Chapman was hired by Lehman as a sales assistant, a nonexempt position under the Fair Labor Standards Act.  Ms. Chapman was hired to work in Lehman's Downtown Miami, Florida office.

28.     Before, during and, upon information and belief, to this day, Lehman employed and employs numerous other individuals as sales assistants, wire operators and in other similarly situated, non-exempt, positions.

29.     At all material times mentioned herein, the business of the Defendant Lehman, including duties and tasks assigned to and performed by Plaintiff Odalys Chapman and similarly situated employees, constituted engaging in interstate commerce.  Defendant Lehman transacts business from its numerous offices in the State of Florida and throughout the U.S., with clients throughout the United States, on one or more stock exchanges in other states, and with its other offices in other states.

30.     During the course of Ms. Chapman's employment as a sales assistant at Lehman, she was assigned to work for one or more financial consultants.  Ms. Chapman's duties were routine

7

clerical tasks such as ordering supplies, getting coffee for clients and financial consultants, making copies, filling out and submitting expense reports for her assigned financial consultants, answering telephones, typing letters, forms, and reports, processing outgoing mail, establishing, organizing and maintaining files, utilizing word processing, spreadsheet and similar basic software programs, operating the telephone switchboard (relieving the receptionist), taking messages for her assigned financial consultants or others in their office, ordering food for the people in the office, scheduling travel and entertainment, setting personal and business appointments for the financial consultants, and otherwise assisting her assigned financial consultants and others in the office.

31.     In April 2002, Ms. Chapman ceased her employment with Lehman.

32.     During the period of Ms. Chapman's employment with Defendant, Lehman did not make, keep and preserve records of the hours maintained by them as required by the Act.

33.     To Ms. Chapman's knowledge and belief, Lehman did not regularly make, keep and preserve records of the hours maintained by the other securities sales assistants and similarly situated hourly employees, as required by the Act.

34.     After becoming a sales assistant at Lehman, Ms. Chapman learned that the sales assistant position for which she was hired and assigned could not be properly accomplished in forty (40) hours a week. She also learned that not only was there no method in which to submit hours for payment of overtime compensation (since Lehman did not keep employee time records or require employees to record their time), but the "unwritten rule" at Lehman was that overtime pay was not available or allowed. Rather, as explained repeatedly by management, this is "the nature of the business." Upon information and belief, other Lehman sales assistants and non-exempt, hourly employees at Lehman's Miami, Florida and other branch offices were and are similarly disallowed from submitting requests for overtime pay to Lehman, although such individuals regularly and

8

routinely are and were required, as a condition of employment, to work greater than forty (40) hours per week.

35.     During the period of Ms. Chapman's employment with Defendant Lehman, Ms. Chapman was regularly and routinely required by Lehman to work greater than forty (40) hours per week, as were other sales assistants in the Lehman Miami, Florida branch office where Ms. Chapman worked, as well as throughout the other numerous Lehman offices in various other states of the Untied States.  Forty (40) hours was, and upon information and belief, is insufficient and known by Lehman to be insufficient to properly accomplish the numerous tasks given to Ms. Chapman and Lehman's other sales assistants, and many of Lehman's other non-exempt, hourly employees.  At the same time, however, Lehman failed and refused to compensate Ms. Chapman at a rate of not less than one and one-half (1-1/2) times the regular rate at which they were employed, for the work they performed in excess of forty (40) hours in a given week, contrary to the provisions of section 7(a) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 207 (a)).

36.     During the period Ms. Chapman was employed by Lehman, she became aware of and familiar with other sales assistants and similarly situated employees of Defendant Lehman, who were employed in hourly, non-exempt positions.  These employees regularly and routinely were required by Lehman to work greater than forty (40) hours in a single week, but were not compensated by Lehman for such work they performed in excess of forty (40) hours at rates not less than one and one-half (1-1/2) times the regular rate such employees were employed, contrary to the provisions of section 7(a) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 207 (a)).

37.     Compensation is presently due and owing to Ms. Chapman and similarly situated employees of Defendant Lehman for overtime work performed but not paid by Defendant.

38.     In addition, Plaintiff Odalys Chapman alleges that there is due and owing to other

9

Lehman sales assistants, and other similarly situated employees of Lehman, overtime compensation in an amount to be determined once all potential Plaintiffs have opted into this collective action.

WHEREFORE, Plaintiffs requests:

a. Judgment against Defendant Lehman in the amounts respectively due Plaintiffs, and other Lehman sales assistants, and other similarly situated employees, past and present of Defendant Lehman Brothers Inc., for overtime compensation, and an equal additional amount as liquidated damages and/or prejudgment interest as provided for under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216 (b));

b. The costs of this action as provided for under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216 (b)); and

c. An award to Plaintiffs of attorneys' fees for the prosecution of this action, as provided for under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 216(b)).

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(B), Plaintiff demands trial by jury on all issues so triable.

Dated this _22_ day of October, 2002.

GENOVESE JOBLOVE & BATTISTA
Attorneys for Plaintiff
Bank of America Tower,36th Floor
100 S.E. Second Street
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:_____
Jonathan E. Perlman, Esq.
Florida Bar Number 773328

X:\Documents\Work\A to D\Chapman, Odalys\Pleadings\COMPLAINT.wpd

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ODALYS CHAPMAN on behalf                    CASE NO.
of herself and other similarly
situated persons,                           JURY TRIAL DEMANDED

         Plaintiffs,

vs.

LEHMAN BROTHERS INC.,

         Defendant.

_____/

## CONSENT FORM

### CONSENT OF INDIVIDUAL EMPLOYEE TO BECOME PARTY PLAINTIFF PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

I, <u>ODALYS CHAPMAN</u>, a former non-exempt employee of Defendant Lehman Brothers Inc. ("Lehman") at Lehman's Brickell, Miami office, currently residing at 6260 Pent Place, Miami Lakes, Florida 33014, (305) 558-1121, worked overtime for Defendant Lehman without payment of overtime wages within the last three (3) years, and hereby consent to become a party plaintiff in the present action.  I understand that by filing this form with the Court, I am agreeing to join this action as a party plaintiff, to be bound by any judgment rendered in this case, and to be represented in such action by counsel for the collective plaintiffs, GENOVESE JOBLOVE & BATTISTA, Bank of America Tower, 36th Floor, 100 S.E. Second Street, Miami, Florida 33131.

Dated: _____10/21/02_____        _____
                                  (Signature)

EXHIBIT
A

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

23126

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ODALYS CHAPMAN

## DEFENDANTS

LEHMAN BROTHERS INC.

CIV-MOORE

MAGISTRATE JUDGE
O'SULLIVAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

Dade  02CV23126/KMM/O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JONATHAN E. PERLMAN, Genovese Joblove & Battista,
100 SE 2nd St., 36th FL, Miami, FL 33131, (305) 349-2300

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: Miami-Dade, Monroe, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee Highlands

## I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
     Plaintiff

☐ 2 U.S. Government
     Defendant

☒ 3 Federal Question
     (U.S. Government Not a Party)

☐ 4 Diversity
     (Indicate Citizenship of Parties
     in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                         AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC/Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | | | ☐ 875 Customer Challenge |
| of Veterans Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle | ☐X 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
|---|---|---|---|---|
| | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 871 IRS – Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. Section 216(b)

LENGTH OF TRIAL: via _30_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

COLLECTIVE ACTION

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE

DOCKET NUMBER

DATE  10/22/02

SIGNATURE OF ATTORNEY OF RECORD

# $150.00  871332

10/22/02

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# **<u>Exhibit G</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ODALYS CHAPMAN on behalf                      CASE NO. 02-CIV-23126-MOORE
of herself and other similarly
situated persons,

      Plaintiffs,

vs.

LEHMAN BROTHERS INC.,

      Defendant.

_____/

**NOTICE OF FILING CONSENT FORM
OF LAURALEE PFEIFFER-SEIBOLD**

Plaintiffs hereby give notice of their filing of the attached Consent Form of Lauralee Pfeiffer-

Seibold.

                    GENOVESE JOBLOVE & BATTISTA
                    Attorneys for Plaintiffs
                    Bank of America Tower
                    36th Floor
                    100 S.E. Second Street
                    Miami, Florida 33131
                    Telephone:   (305) 349-2300
                    Facsimile:   (305) 349-2310

                    By: _____
                       Jonathan E. Perlman
                       Florida Bar No. 773328
                       Chad K. Lang
                       Florida Bar No. 0156922

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

ODALYS CHAPMAN on behalf                          CASE NO. 02-CIV-23126-MOORE
of herself and other similarly
situated persons,                                 JURY TRIAL DEMANDED

       Plaintiffs,

vs.

LEHMAN BROTHERS INC.,

       Defendant.

_____/

## CONSENT FORM

### CONSENT OF INDIVIDUAL EMPLOYEE TO BECOME PARTY PLAINTIFF
### PURSUANT TO SECTION 216(b) OF THE FAIR LABOR STANDARDS ACT

I, __LAURALEE PFEIFFER-SEIBOLD__ , a former non-exempt employee of Defendant

Lehman Brothers Inc. ("Lehman") at Lehman's Brickell, Miami office, currently residing at 9181

Fontainbleau Boulevard, #1, Miami, Florida 33172, (305) 552-6433, worked overtime for Defendant

Lehman without payment of overtime wages within the last three (3) years, and hereby consent to

become a party plaintiff in the present action. I understand that by filing this form with the Court,

I am agreeing to join this action as a party plaintiff, to be bound by any judgment rendered in this

case, and to be represented in such action by counsel for the collective plaintiffs, GENOVESE

JOBLOVE & BATTISTA, Bank of America Tower, 36th Floor, 100 S.E. Second Street, Miami,

Florida 33131.

Dated: __11/2ce/02__                          _____
                                              (Signature)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

ODALYS CHAPMAN, on behalf
of herself and other similarly
situated persons,

        Plaintiffs,

v.

LEHMAN BROTHERS INC.,

        Defendant.

_____/

## ORDER

     THIS CAUSE came before the Court upon Defendant Lehman Brothers Inc.'s Motion for

Dismissal or, in the alternative, to Stay this Action and Compel Arbitration. The Court having

reviewed the Motion and being otherwise fully advised, it is hereby:

     ORDERED AND ADJUDGED that the Motion is hereby GRANTED and the Complaint

is dismissed with prejudice.

     DONE AND ORDERED in Chambers, Miami, Florida, this _____ day of

_____, 2002.

                                  _____
                                  K. Michael Moore
                                  United States District Judge

**Copies furnished to:**

Mark E. Zelek, Esq.,
      Counsel for Lehman Brothers, Inc., Morgan, Lewis & Bockius LLP, FAX: 877.432.9652
Jonathan Perlman, Esq.,
      Counsel for Plaintiffs, Genovese Joblove & Battista, FAX: 305.349.2310