UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

ODALYS CHAPMAN, on behalf
of herself and other similarly
situated persons,

        Plaintiffs,

v.

LEHMAN BROTHERS INC.,

        Defendant.

_____/

NIGHT BOX
FILED

FEB   2003

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF ITS MOTION FOR DISMISSAL OR,
## IN THE ALTERNATIVE, TO STAY THIS ACTION AND COMPEL ARBITRATION

### PRELIMINARY STATEMENT

In response to the Motion to Dismiss of Lehman Brothers Inc. ("Lehman Brothers"),

Plaintiffs do not dispute that their Fair Labor Standards Act ("FLSA") claims may be submitted

to arbitration, or that the agreements to arbitrate that they signed apply to their individual FLSA

claims.  Rather, in an effort to avoid the dismissal of this case, Plaintiffs' only argument is that

under the rules of the New York Stock Exchange ("NYSE"), American Stock Exchange

("AMEX"), and National Association of Securities Dealers ("NASD") (collectively "the Rules")

Lehman Brothers may not enforce an arbitration agreement with respect to what are alleged to be

"class action" claims.  This case is not, however, a class action, and Lehman Brothers is not

requesting that this Court compel arbitration of any class claims.

For Plaintiffs' argument to succeed, the Court would have to find that a putative FLSA

"collective action," the procedural device specifically referenced by Plaintiffs in filing their

Complaint, is the same as a class action within the meaning of the Rules.  That is not true,

1-MI/472218.5

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER  200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

however, either as a matter of federal common law or under the Rules themselves. Moreover, at present, this action includes only the two individuals who have filed consent forms to participate in the case. See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the Court . . ."). The overtime pay claims of these two individuals clearly may proceed in arbitration individually, or, perhaps, on a combined basis under the joinder provisions expressly contained in the Rules. Finally, if other individuals have similar claims they may proceed individually or attempt to join the first two Plaintiffs in one arbitration. Nothing in the Rules prohibits such an action and, in the absence of such a prohibition, the Rules must be read to favor arbitration.

## I.  REGARDLESS OF HOW PLAINTIFFS CHARACTERIZE THIS ACTION, PLAINTIFFS HAVE AGREED TO ARBITRATE THEIR CLAIMS

Plaintiffs expressly agreed to arbitrate their claims. That election by Plaintiffs is clearly permissible as a matter of law, and Plaintiffs have advanced no argument that the arbitration agreements they signed were ineffective or unenforceable. Nor do Plaintiffs assert that the agreements do not apply to their FLSA claims. This is not surprising as courts routinely enforce agreements to arbitrate FLSA claims, whether asserted independently or as part of a putative collective action. See, e.g., Horenstein v. Mortgage Market, Inc., No. 99-36125, 2001 WL 502010, * 1 (9th Cir. May 10, 2001) (unpublished opinion) (affirming district court's decision to compel arbitration of plaintiffs' FLSA claims and rejecting plaintiffs' contention that the arbitration clause was unenforceable because it eliminated their statutory right to proceed in a collective action; noting that although the employees who signed the arbitration agreements "lack[ed] the procedural right to proceed as a class, they nonetheless retain[ed] all substantive rights under the [FLSA]."); Adkins v. Labor Ready, Inc., 185 F. Supp. 2d 628, 646 n. 16 (S.D.W.Va. 2001), aff'd 303 F.3d 496, 506 (4th Cir. 2002) (in a purported FLSA collective action, granting defendant's motion to compel the named plaintiff to proceed with his claim in

arbitration and additionally holding that to the extent every one of defendant's employees executed the identical arbitration under the same conditions, "the court's reasoning and analysis as delineated above would apply to their claims, as well."); Carter v. Countrywide Credit Industries, Inc., 189 F. Supp. 2d 606, 621 (N.D. Tex. 2002) (holding that an employment agreement requiring employees to submit wage disputes to binding arbitration did not deprive the employees of substantive rights provided by the FLSA and was, thus, enforceable); Barnett v. Countrywide Credit Industries, Inc., 01-CV-1182-M, 2002 WL 1023161, *2 (N.D. Tex. May 21, 2002) (holding that although potential class members in a FLSA action may be notified of an opt-in procedure, "only those persons who did not sign arbitration agreements may send back their consent form and opt-in to the suit."); Marzek v. Mori Milk & Ice Cream Co., No. 01 C 6561, 2002 WL 2267661, * 3 (N.D. Ill. Feb. 13, 2002) (compelling named plaintiff to proceed in arbitration with his FLSA claim, purportedly brought as a collective action; noting that the strong federal policy favoring arbitration is not outweighed by plaintiff's desire for class treatment).

As in all of the cases noted above, Plaintiffs' claims should proceed in arbitration.

## II.      THE RULES DO NOT PRECLUDE ARBITRATION OF PLAINTIFFS' CLAIMS

Rather than arguing that Plaintiffs' claims are not covered by an arbitration agreement, or that the agreement is unenforceable, Plaintiffs' only argument is that the Rules do not permit the arbitration of claims that are purported to be part of a class action.  As set forth below, however, this is not a class action, nor could it be.  See, e.g., LaChapelle v. Owens Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975) ("it is crystal clear that § 16(b) [§ 216(b)] precludes pure Rule 23 class actions in FLSA suits."); Stone v. First Union Corp., 203 F.R.D. 532, 541 (S.D. Fla. 2001) (holding that the Rule 23 standard for class members "is inapplicable with regard to whether a § 216(b) collective action should be permitted.").  At most, Plaintiffs could argue that they have asserted their claims as part of a putative collective action, a type of procedural device that is not

covered or prohibited by the Rules.  Because the Rules concern "class actions" only, and do not address or prohibit "collective actions," the Rules must be read to favor the arbitration of Plaintiffs' claims.

A.     There Is A Strong Presumption In Favor Of Arbitration And Agreements and Their Implementing Rules Must Be Read In Keeping With This Presumption

As this Court has previously recognized, there is a strong presumption in the federal law favoring arbitration.  See Creative Tile Marketing, Inc. v. Sicis Int'l, S.R.L., 922 F. Supp. 1534, 1538 (S.D. Fla. 1996) (Moore, J.) ("The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").  See also Employers Ins. of Wasau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th Cir. 2001) ("Federal law counsels that questions of arbitrability, when in doubt, should be resolved in favor of arbitration") (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).  As agreements between parties are the documents containing the pledge to arbitrate, those agreements, as well as the rules that exist to implement them, must both be read in light of the liberal policy favoring arbitration.  See, e.g., Texaco Exploration and Production Co. v. AmClyde Engineered Products Co., Inc., 243 F.3d 906, 910 (5th Cir. 2001) (holding that the policy of allowing liberal joinder set forth in Rule 14(c) of the Federal Rules of Civil Procedure does not carve out an exception to the strict requirement of the FAA that claims subject to broad arbitration clauses be stayed pending arbitration).

In this case, the Rules respecting "class actions" are inapplicable.  Plaintiffs cite no case that has ever held that the Rules prohibiting the arbitration of class actions prohibit the arbitration of FLSA claims asserted in a putative collective action.  That is not surprising as the Rules, which have joinder provisions that expressly permit claimants to join together claims and claimants in an arbitration, and which were created over five decades after the FLSA and 29 U.S.C. § 216(b) were enacted, do not exclude FLSA collective action claims.  As the Rules do

4

not address or prohibit the arbitration of claims submitted as part of a putative collective action, the Rules must be read to permit arbitration and Plaintiffs' claims must be dismissed.

### B.    Plaintiffs' Individual FLSA Claims, Asserted As A Putative Collective Action, Are Not Class Action Claims Within The Meaning Of The Rules

Reading the Rules in favor of arbitration, Plaintiffs' individual FLSA claims, asserted as part of a putative FLSA collective action, are not class action claims within the meaning of the Rules.

### 1.    The Lone Court To Address A Similar Issue Ruled In Favor Of Arbitration

After extensive research, Lehman Brothers has found only one case that addressed the issue of what type of actions are encompassed by the term "class action" in the Rules.  In that case, the court recognized the strong presumption in favor of arbitration and compelled arbitration of a derivative action.  Specifically, in In re Salomon Inc. Shareholders' Derivative Litigation, No. 91 Civ. 5500, 1994 WL 533595 (S.D.N.Y. Sept. 30, 1994), the court held that the Rules only expressly identify "class actions" and, therefore, a derivative action -- a class action like procedural device -- was not prohibited by the Rules and must be submitted to arbitration.

In Salomon, a derivative action was filed in federal court.  The defendants moved, pursuant to the FAA, to compel arbitration under the NYSE Rules.  The plaintiffs opposed the motion contending that a shareholder derivative action was a class action and could not be arbitrated under the NYSE Rules.  The court rejected the plaintiffs' argument, granted the motion to compel, and noted that while the United States Supreme Court has referred to derivative actions as a type of class action, NYSE Rule 600(d) expressly refers only to class actions and not derivative suits.  Salomon, 1994 WL 533595, at * 9.  The court concluded that: "given the intent of Congress embodied in the FAA that this Court 'rigorously enforce agreements to arbitrate'"

1-MI/472218.5                                      5

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER  200 S  BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

the matter should be submitted to arbitration.  Salomon, 1994 WL 533595, at * 9 (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985).[1]/

The reasoning in Salomon is equally applicable to the present case.  Specifically, since 1947 there has been an opt-in collective action procedure contained in § 216(b) of the FLSA, creating a form of action completely different than a Rule 23 class action.  Indeed, this court has acknowledged that the Rule 23 standard for class members "is inapplicable with regard to whether a § 216(b) collective action should be permitted." Stone v. First Union Corp., 203 F.R.D. 532, 541 (S.D. Fla. 2001).  Thus, a FLSA collective action, as described by the Eleventh Circuit Court of Appeals, is "mutually exclusive and irreconcilable" with Rule 23 class actions. Grayson v. K-Mart, 79 F.3d 1086, 1106 (11th Cir 1996).

Accordingly, by the plain meaning of the Rules, and in keeping with the strong presumption in favor of arbitration, collective actions are not prohibited from being submitted to arbitration before the NYSE, NASD, and AMEX and, as such, this case should be dismissed with each of the two individual Plaintiffs being compelled to submit their individual claims to arbitration.

---

[1]/      Significantly, subsequent to the Salomon decision, the NASD, NYSE, and AMEX each expressly amended their Rules to prohibit the arbitration of shareholder derivative actions.  See, e.g., NYSE Rule 600(e).  As was the case subsequent to Salomon, if the NYSE, NASD, and AMEX believe that FLSA collective actions should be excluded from arbitration, they may amend the Rules to expressly so provide.  They have not done so to date.  Indeed, significantly, in December of 1992 the NYSE, NASD and AMEX gave notice to their members of proposed changes to their arbitration rules to exclude class actions following the 1987 decision in Shearson American Express, Inc. v. McMahon, 482 U.S. 220 (1987).  See Pl. Opp. Ex. A (Dec. 1992 NASD Notice to Members).  Although Gilmer v. Interstate Johnson Lane Corp., 500 U.S. 20 (1991) was decided in 1991, allowing an Age Discrimination in Employment Act ("ADEA") claim to go to arbitration, no modification was proposed to the Rules to exclude collective actions -- the procedural device applicable under the ADEA.  See 29 U.S.C. § 626(b) ("the provisions of this chapter [the ADEA] shall be enforced in accordance with the . . . procedures in sections . . . 216 . . .").

2.    <u>Plaintiffs' Own Court Filings Confirm This Is Not A Class Action</u>

In addition to the fact that no court has interpreted the prohibition in the Rules regarding

class actions to exclude collective actions, this action was <u>not</u> filed as a class action exempt from

arbitration.  Specifically, in the Civil Cover Sheet Plaintiffs filed with this Court Plaintiffs did

<u>not</u> check the class action box, and asserted that this matter is a collective action.  <u>See</u> Exhibit

("Ex.") A attached to this Reply.  Moreover, Plaintiffs' Complaint did not even attempt to satisfy

the requirements for class action complaints filed in the Southern District of Florida -- such as

"bear[ing] next to its caption the legend 'Complaint-Class Action,'" or containing a separate

heading, styled "Class Action Allegations."  <u>See</u> S.D. Fla. L.R. 23.1.  Accordingly, by Plaintiffs'

own court filings, this case is not a class action, is not prohibited by the Rules, and, therefore,

should be dismissed.

3.    The Rules Contemplate Only Rule 23 Class Actions, Which
Are Drastically Different Procedural Devices Than A FLSA
Section 216(b) Collective Action

The plain language of the Rules, and the notices interpreting those Rules, contemplate

only Rule 23 class actions, not FLSA opt-in collective actions.  Specifically, NYSE Rules

600(d)(ii) and 600(d)(iii)(D) both reference the opt-out requirement of Rule 23 class actions.

<u>See</u> Rule 600(d)(ii) ("such claims shall be eligible for arbitration . . . if a claimant demonstrates

that it <u>has elected not to participate</u> . . ."); Rule 600(d)(iii)(D) ("such claims shall be eligible for

arbitration . . . if a claimant demonstrates that it <u>has elected not to participate</u> . . .").  Similarly, in

a Securities and Exchange Commission Notice discussing the Rules, the SEC refers to the opt-

out requirements of Rule 23 class actions.  <u>See</u> Securities and Exchange Commission Notice,

August 26, 1992, No. 34-31097, 1992 WL 210438 ("the rule also prohibits Exchange members

from attempting to enforce arbitration contracts with customers who are members of a class or

putative class unless the customer <u>has clearly opted out </u>of, or otherwise been excluded by a court

from, the class action."). Finally, the very notice Plaintiffs rely upon confirms the Rules are addressed only to Rule 23 class actions, not FLSA collective actions. See NASD Notice to Members, No. 92-65 at p. 452 (Dec. 1992) (attached to Plaintiffs' Opposition Brief as Ex. A) ("all agreements shall include a statement that . . . 'no person shall seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action; or who is a member of a putative class who has not opted out of the class . . .'").

The language of the Rules is clear that opting out of a class action by a claimant is required in order to submit the claimant's claims to arbitration. This necessarily precludes applying the Rules to FLSA collective actions which do not have an opt-out feature. Indeed, well-settled principles of statutory construction require that the Rules be read to include only Rule 23 class actions and not FLSA collective actions. See Florida Right to Life, Inc. v. Lamar, 273 F.3d 1318, 1327 (11th Cir. 2001) (noting that under the interpretative canon of *expression unius est exclusio alterius*, "the expression of one thing in a statute implies the exclusion of another").

The fact that the arbitration of class actions is prohibited under the Rules, while other forms of mass actions are not addressed, is not surprising or an accident. For example, a FLSA collective action is a drastically different procedural device than a Rule 23 class action. See 29 U.S.C. 216(b). Significantly, a FLSA collective action is brought only by, and only includes, the named plaintiffs unless and until similarly situated employees formally join the action. Id. As such, potential opt-in plaintiffs are not part of an action or bound by any judgment in a collective action until they opt-in. Conversely, Rule 23 class actions require that any would-be class member affirmatively opt-out or be bound by any court judgment. Thus, all class members in a class action arbitration under Rule 23 would be parties to the action from its inception. This

distinction is critical, and may explain the Rules' express prohibition of Rule 23 class actions, and the omission of any prohibition concerning FLSA collective actions.

Another significant point that distinguishes collective actions from class actions is procedural due process.  The Rules were amended to exclude class actions because, inter alia, the NYSE, NASD and AMEX did not believe they had sufficient resources to adequately satisfy the constitutional due process requirements associated with Rule 23 class actions.  These same regulatory bodies did not, however, prohibit all forms of mass or collective actions, and retained in their Rules provisions allowing the joinder of claims.  See Ex. B attached to this Reply (Joinder Rules).  Accordingly, under the Rules today multiple claimants who opt out of a class action could join their claims together in one arbitration.  Alternatively, multiple individuals who were not in a class action could file their own claims and join them together as a mass arbitration.  Finally, several or more individuals who were involved in a putative collective action, and who had signed agreements to arbitrate, could be compelled to abide by their agreements and arbitrate, and seek to join their claims together in one arbitration.  None of these forms of arbitration are prohibited by, and, indeed, are expressly permitted under the Rules.  The size and scope of the eventual arbitration would be shaped only by the individual rules and decisions of the arbitral forum involved, and/or by the decisions of the arbitrator or arbitrators.  No procedural due process issues would be implicated.

In short, while Plaintiffs' seize on the fact that courts, at times, loosely refer to collective actions as class actions in *dicta*, those procedural devices are distinct and different.  See Pl. Opp. at 14.  Indeed, the Eleventh Circuit Court of Appeals has noted: "Rule 23 and § 216(b) actions are 'mutually exclusive and irreconcilable'" and that § 216(b) "precludes pure Rule 23 class actions in FLSA suits."  Grayson v. K-Mart, 79 F.3d 1086, 1106 (11th Cir 1996) (quoting

LaChapelle v. Owens Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975)).  See also Stone v. First
Union Corp., 203 F.R.D. 532, 541 (S.D. Fla. 2001).

Accordingly, in the present action the two Plaintiffs[2/] could submit their claims for
arbitration individually, and then, using the NYSE, NASD, and AMEX joinder rules, attempt to
join one another's arbitration.  The one or two arbitration proceedings would not be binding upon
any other individuals other than the parties to the arbitration.  All other individuals would remain
free to bring their own action -- in Court if they did not sign an arbitration agreement, or in an
arbitration if they agreed to use that forum to resolve their disputes.[3/]

## CONCLUSION

Plaintiffs have agreed to submit their individual claims to arbitration.  Their arguments
that their claims can not be heard under the Rules, and that they have some inalienable right to
proceed in federal court, are not supported by the facts or by the law.  Accordingly, Lehman
Brothers respectfully requests that this matter be dismissed so that the Plaintiffs may submit their
individual FLSA claims to arbitration in accordance with their fully enforceable agreements to
arbitrate.

---

[2/]     While Plaintiffs assert in their Opposition that they filed an action on behalf of "approximately
600 sales assistants and other similarly situated present and former hourly employees" (Pl. Opp.
at 1), they include no support for this allegation and no other individual has filed a consent form
to join this action.

[3/]     Finally, as to Exhibit D to Plaintiffs' Opposition, Defense counsel withdrew a motion to compel
arbitration in a previous case, involving a different Defendant, because the parties began
settlement discussions and settled the case.  Thus, Plaintiffs' reference to that action (Pl. Opp. at
11 n. 10) is misleading and inappropriate.

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER  200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: *Brian Buckstein*

Mark E. Zelek
Florida Bar No. 0667773
mzelek@morganlewis.com
Brian D. Buckstein
Florida Bar No. 0618934
bbuckstein@morganlewis.com

5300 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2339
Telephone: 305.415.3303
Facsimile:  305.415.3001

Christopher A. Parlo
Admitted Pro Hac Vice
cparlo@morganlewis.com
101 Park Avenue
New York, New York 10178-0060
Telephone: 212.309.6062
Facsimile:  212.309.6001

Counsel for Defendant

1-MI/472218.5

11

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

CASE NO. 02-23126-CIV-MOORE/O'SULLIVAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to

Jonathan E. Perlman, Esq., Counsel for Plaintiff, Genovese, Joblove & Batitista, Bank of

America Tower, 36th Floor, 100 S.E. Second Street, Miami, Florida 33131 by U.S. mail this

__4__ th day of February, 2003.

Brian D. Buckstein

# Exhibit A

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

23126

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-MOORE

## I. (a) PLAINTIFFS

ODALYS CHAPMAN

## DEFENDANTS

LEHMAN BROTHERS INC.

MAGISTRATE JUDGE
O'SULLIVAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

Dade 02CV23126 Kmm O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
JONATHAN E. PERLMAN, Genovese Joblove & Battista,
100 SE 2nd St., 36th FL, Miami, FL 33131, (305) 349-2300

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: Miami-Dade, Monroe, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee Highlands

## I. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
    Plaintiff

☐ 2 U.S. Government
    Defendant

☒ 3 Federal Question
    (U.S. Government Not a Party)

☐ 4 Diversity
    (Indicate Citizenship of Parties
    in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC/ Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle | Property Damage | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS – Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. Section 216(b)

LENGTH OF TRIAL: via _30_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23    Collective Action

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE

DOCKET NUMBER

DATE
10/22/02

SIGNATURE OF ATTORNEY OF RECORD

#150.00  87/332

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

10/22/02

# <u>Exhibit B</u>

*꙳➔ Administered by Office of the Secretary.*

and relevant facts that will be relied upon at the hearing and may set forth any related Counterclaim the Respondent(s) may have against the Claimant, any Cross-Claim the Respondent(s) may have against any other named Respondent(s) and any Third Party Claim against any other party or person based upon any existing dispute, claim or controversy subject to arbitration under this Code.

(2)(i) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent or Third Party Respondent who pleads only a general denial as an answer may, upon objection by a party, in the discretion of the arbitrators, be barred from presenting such facts or defenses at the time of the hearing.

(ii) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent or Third Party Respondent who fails to specify all available defenses and relevant facts in such party's answer may, upon objection by a party, in the discretion of the arbitrators, be barred from presenting such facts or defenses not included in such party's answer at the hearing.

(iii) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent or Third-Party Respondent who fails to file an answer within twenty (20) business days from receipt of service of a claim, or unless the time to answer has been extended pursuant to paragraph (5), may, in the discretion of the arbitrators, be barred from presenting any matter, arguments or defenses at the hearing.

(3) Respondent(s) shall serve each party with a copy of any Third Party Claim. The Third Party Claim shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s), along with any deposit required under the schedule of fees. Third Party Respondent(s) shall answer in the manner provided for response to the Claim, as provided in paragraphs (1) and (2) above.

(4) The Claimant shall serve each party with a reply to a counterclaim within ten (10) business days of receipt of an Answer containing a Counterclaim. The reply shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s).

(5) The Director of Arbitration may extend any time period in this section whether such be denominated as a Claim, Answer, Counterclaim, Cross-Claim, Reply or Third Party pleading.

(d) Joining and Consolidation—Multiple Parties

(1) Permissive Joinder. All persons may join in one action as claimants if they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence or series of transactions or occurrences and if any questions of law or fact common to all these claimants will arise in the action. All persons may be joined in one action as respondents if there is asserted against them jointly or severally, any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all respondents will arise in the action. A claimant or respondent need not assert rights to or defend against all the relief demanded. Judgment may be given for one or more of the claimants according to their respective rights to relief, and against one or more respondents according to their respective liabilities.

(2) In arbitrations where there are multiple Claimants, Respondents and/or Third Party Respondents, the Director of Arbitration shall be authorized to determine preliminarily whether such parties should proceed in the same or separate arbitrations. Such determinations will be considered subsequent to the filing of all responsive pleadings.

¶ 2612   **Rule 612**                                  ©2001, CCH INCORPORATED

*⋙→ Administered by Office of the Secretary.*

(3) The Director of Arbitration shall be authorized to determine preliminarily whether claims filed separately are related and shall be authorized to consolidate such claims for hearing and award purposes.

(4) Further determinations with respect to joining, consolidation and multiple parties under this subsection may be made by the arbitration panel and shall be deemed final.

**Amendments.**

December 6, 1984.

June 18, 1986.

May 10, 1989.

September 10, 1990.

## ¶ 2613                   Designation of Time and Place of Hearings

**Rule 613.** The time and place for the initial hearing shall be determined by the Director of Arbitration and each hearing thereafter by the arbitrators. Notice of the time and place for the initial hearing shall be given at least fifteen (15) business days prior to the date fixed for the hearing by personal service, registered or certified mail to each of the parties unless the parties shall, by their mutual consent, waive the notice provisions under this section. Notice for each hearing, thereafter, shall be given as the arbitrators may determine. Attendance at a hearing waives notice thereof.

**Amendments.**

November 19, 1998.

## ¶ 2614                        Representation by Counsel

**Rule 614.** All parties shall have the right to representation by counsel at any stage of the proceedings.

## ¶ 2615                        Attendance at Hearings

**Rule 615.** The attendance or presence of all persons at hearings including witnesses shall be determined by the arbitrators. However, all parties to the arbitration and their counsel shall be entitled to attend all hearings.

## ¶ 2616                        Failure to Appear

**Rule 616.** If any of the parties, after due notice, fails to appear at a hearing or at any continuation of a hearing session, the arbitrators may, in their discretion, proceed with the arbitration of the controversy. In such cases, all awards shall be rendered as if each party had entered an appearance in the matter submitted.

**Amendment.**

January 6, 1992

## ¶ 2617                            Adjournments

**Rule 617.** (a) The arbitrators may, in their discretion, adjourn any hearing(s) either upon their own initiative or upon the request of any party to the arbitration.

(b) A party requesting an adjournment after arbitrators have been appointed shall, if an adjournment is granted, deposit a fee, equal to the initial deposit of hearing session fees for the first adjournment and twice the initial deposit of hearing session fees, not to exceed $1,000, for a second or subsequent adjournment requested by that party. The arbitrators may waive the deposit of this fee or in their awards may direct the return of the adjournment fee.

(C) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent, or Third-Party Respondent who fails to file an Answer within 45 calendar days from receipt of service of a Claim, unless the time to answer has been extended pursuant to subparagraph (5), below, may, in the discretion of the arbitrators, be barred from presenting any matter, arguments, or defenses at the hearing. Such a party may also be subject to default procedures as provided in paragraph (e) below.

(3) Respondent(s) shall serve each party with a copy of any Third-Party Claim. The Third-Party Claim shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s) along with any deposit required under the schedule of fees. Third-Party Respondent(s) shall answer in the manner provided for response to the Claim, as provided in subparagraphs (1) and (2) above.

(4) The Claimant shall serve each party with a Reply to a Counterclaim within ten (10) days of receipt of an Answer containing a Counterclaim. The Reply shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s).

(5) The time period to file any pleading, whether such be denominated as a Claim, Answer, Counterclaim, Cross-Claim, Reply, or Third-Party Pleading, may be extended for such further period as may be granted by the Director of Arbitration or with the consent of the initial claimant. Extensions of the time period to file an Answer are disfavored and will not be granted by the Director except in extraordinary circumstances

### (c) Service and Filing with the Director of Arbitration

(1) Service may be effected by mail or other means of delivery. Service and filing are accomplished on the date of mailing either by first-class postage pre-paid or by means of overnight mail service or, in the case of other means of service, on the date of delivery. Filing with the Director of Arbitration shall be made on the same date as service on a party.

(2) If a member firm and a person associated with the member firm are named parties to an arbitration proceeding at the time of the filing of the Statement of Claim, service on the person associated with the member firm may be made on the associated person or the member firm, which shall perfect service upon the associated person. If the member firm does not undertake to represent the associated person, the member firm shall serve the associated person with the Statement of Claim, shall advise all parties and the Director of Arbitration of that fact, and shall provide such associated person's current address.

### (d) Joinder and Consolidation—Multiple Parties

(1) Permissive Joinder. All persons may join in one action as claimants if they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these claimants will arise in the action. All persons may be joined in one action as respondents if there is asserted against them, jointly or severally, any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all respondents will arise in the action. A claimant or respondent need not assert rights to or defend against all the relief demanded. Judgment may be given for one or more of the claimants according to their respective rights to relief, and against one or more respondents according to their respective liabilities.

(2) In arbitrations where there are multiple Claimants, Respondents, and/or Third-Party Respondents, the Director of Arbitration shall be author-

ized to determine preliminarily whether such parties should proceed in the same or separate arbitrations. Such determination will be considered subsequent to the filing of all responsive pleadings.

(3) The Director of Arbitration shall be authorized to determine preliminarily whether claims filed separately are related and shall be authorized to consolidate such claims for hearing and award purposes.

(4) Further determinations with respect to joinder, consolidation, and multiple parties under this paragraph (d) shall be made by the arbitration panel and shall be deemed final.

**(e) Default Procedures**

(1) A Respondent, Cross-Respondent, or Third-Party Respondent that fails to file an Answer within 45 calendar days from receipt of service of a Claim, unless the time to answer has been extended pursuant to paragraph (b)(5), may be subject to default procedures, as provided in this paragraph, if it is:

(A) a member whose membership has been terminated, suspended, canceled, or revoked;

(B) a member that has been expelled from the NASD;

(C) a member that is otherwise defunct; or

(D) an associated person whose registration is terminated, revoked, or suspended.

(2) If all Claimants elect to use these default procedures, the Claimant(s) shall notify the Director in writing and shall send a copy of such notification to all other parties at the same time and in the same manner as the notification was sent to the Director.

(3) If the case meets the requirements for proceeding under default procedures, the Director shall notify all parties.

(4) The Director shall appoint a single arbitrator pursuant to Rule 10308 to consider the Statement of Claim and other documents presented by the Claimant(s). The arbitrator may request additional information from the Claimant(s) before rendering an award. No hearing shall be held, and the default award shall have no effect on any non-defaulting party.

(5) The Claimant(s) may not amend the claim to increase the relief requested after the Director has notified the parties that the claim will proceed under default procedures.

(6) An arbitrator may not make an award based solely on the non-appearance of a party. The party who appears must present a sufficient basis to support the making of an award in that party's favor. The arbitrator may not award damages in an amount greater than the damages requested in the Statement of Claim, and may not award any other relief that was not requested in the Statement of Claim.

(7) If the Respondent files an Answer after the Director has notified the parties that the claim will proceed under default procedures but before an award has been rendered, the proceedings under this paragraph shall be terminated and the case will proceed under the regular procedures.

[Amended eff. Oct. 1, 1984; July 1, 1986; May 10, 1989; May 7, 1991; amended by SR-NASD-98-07 eff. Mar. 16, 1998; amended by SR-NASD-2002-15 eff. Oct. 14, 2002; amended by SR-NASD-2002-62 eff. Oct. 14, 2002.]

**(c) Answer-Defenses, Counterclaims and/or Cross-Claims.—**

(1) Within twenty (20) business days from receipt of the Statement of Claim, the Respondent(s) shall serve each party with an executed Submission Agreement and a copy of Respondent(s) Answer. An executed Submission Agreement and Answer shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s), along with any deposit required under the schedule of fees. The Answer shall specify all available defenses and relevant facts that will be relied upon at the hearing and may set forth any related Counterclaim the Respondent(s) may have against the Claimant, any Cross-Claim the Respondent(s) may have against any other named Respondent(s) and any third party claim against any other party or person based upon any existing dispute, claim or controversy subject to arbitration.

(2)(i) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent or Third Party Respondent who pleads only a general denial as an answer may, upon objection by a party, in the discretion of the arbitrators, be barred from presenting any facts or defenses at the time of the hearing.

(ii) A Respondent, Responding Claimant, Cross-Claimant, Cross-Respondent or Third Party Respondent who fails to specify all available defenses and relevant facts in such party's answer, may, upon objection by a party, in the discretion of the arbitrators, be barred from presenting such facts or defenses not included in such party's answer at the hearing.

(iii) A Respondent, Responding Claimant, Cross-Claimant or Third Party Respondent who fails to file an answer within twenty (20) business days from receipt of service, or unless the time to answer has been extended pursuant to paragraph (5), in the discretion of the arbitrators, may be barred from presenting any matter, arguments or defenses at the hearing.

(3) Respondent(s) shall serve each party with a copy of any Third Party Claim. The Third Party claim shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s), along with any deposit required under the schedule of fees. Third Party Respondent(s) shall respond in the manner provided for response to the Claim, as set forth in paragraph (b)(i-iii) above.

(4) The Claimant shall serve each party with a reply to a counterclaim within ten (10) business days of receipt of an answer containing a counterclaim. The reply shall also be filed with the Director of Arbitration with sufficient additional copies for the arbitrator(s).

(5) The time period to file any pleading, whether such be denominated as a Claim, Answer, Counterclaim, Cross-Claim, Reply or Third Party pleading, may be extended for such further periods as may be granted by the Director of Arbitration.

**(d) Joining and Consolidation.—Multiple Parties**

(1) Permissive Joinder. All persons may join in one action as claimants if they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence or series of transactions or occurrences and if any questions of law or fact common to all these claimants will arise in the action. All persons may be joined in one action as respondents if there is asserted against them jointly and severally, any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all respondents will arise in the action. A claimant or respondent need not assert rights to or defend against all the relief demanded. Judgment may be given for one or more of the claimants according to their respective rights to relief, and against one or more respondents according to their respective liabilities.

**¶ 9545   Rule 606**                              ©1998, CCH INCORPORATED

357  3-96          Rules of Board—Arbitration Rules          **2817**

(2) In arbitrations where there are multiple Claimants, Respondents and/or Third Party Respondents, the Director of Arbitration shall be authorized to determine preliminarily whether such parties should proceed in the same or separate arbitrations. Such determination will be considered subsequent to the filing of all responsive pleadings.

(3) The Director of Arbitration shall be authorized to determine preliminarily whether claims filed separately are related and shall be authorized to consolidate such claims for hearing and award purposes.

(4) Further determinations with respect to joining, consolidation and multiple parties under this subsection may be made by the arbitration panel and shall be deemed final.

**Amendments.**
Adopted effective June 8, 1964.
January 16, 1980.
November 1, 1984.
April 28, 1986.
Renumbered and amended effective May 10, 1989.
April 15, 1991.
January 22, 1996.

## ¶ 9545A   General Provision Governing Prehearing Proceeding

**Rule 607. (a) Requests for Documents and Information.**—The parties shall cooperate to the fullest extent practicable in the voluntary exchange of documents and information to expedite the arbitration. Any request for documents or other information should be specific, relate to the matter in controversy, and afford the party to whom the request is made a reasonable period of time to respond without interfering with the time set for the hearing.

(b) **Document Production and Information Exchange**

(1) Any party may serve a written request for information or documents ("information request") upon another party twenty (20) business days or more after service of the Statement of Claim by the Director of Arbitration or upon filing of the Answer, whichever is earlier. The requesting party shall serve the information request on all parties and file a copy with the Director of Arbitration. The parties shall endeavor to resolve disputes regarding an information request prior to serving any objection to the request. Such efforts shall be set forth in the objection.

(2) Unless a greater time is allowed by the requesting party, information requests shall be satisfied or objected to within thirty (30) calendar days from the date of service. Any objection to an information request shall be served by the objecting party on all parties and filed with the Director of Arbitration.

(3) Any response to objections to information requests shall be served on all parties and filed with the Director of Arbitration within ten (10) calendar days of receipt of the objection.

(4) Upon the written request of a party whose information request is unsatisfied, the matter will be referred by the Director of Arbitration to either a prehearing conference under paragraph (d) of this section or to a selected arbitrator under paragraph (e) of this section.

(c) **Prehearing Exchanges.**—At least twenty (20) calendar days prior to the first scheduled hearing date, all parties shall serve on each other copies of documents in their possession that they intend to present at the hearing. The parties may provide a list of those documents that have already been produced pursuant to the other provisions of Rule 607 instead of the actual documents. A list of such documents as well